*FORD vs. FORD & AL.*

An attempt to screen property acquired during the marriage from the payment of community debts, by a separate right alleged by one of the parties, requires strict proof of the right alleged.

APPEAL from the court of the third judicial district, the judge of the eighth presiding.

The defendant, Selah Ford, obtained an order of seizure and sale, on a judgment against Freeman Ford, (the husband of the plaintiff,) in the State of Mississippi, by virtue of which certain slaves were seized as the property of Freeman Ford, by the sheriff of East Baton Rouge. Rhoda Ford obtained an injunction, alleging in her petition that the order of seizure and sale improperly issued, the record from Mississippi not being properly certified, and containin gmoreover, many erasures and interlineations. She also claimed the slaves as her separate property. The defendants excepted to that part of the petition which alleged the insufficiency of the record, on the ground that if any irregularities existed therein, and the order of seizure and sale improperly issued. Freeman Ford, who was present, was the only competent person to contest the proceedings. These excep-

Eastern District.
*April*, 1830.

FORD
*vs*
FORD & AL.

tions were sustained. It appeared from the evidence, that the slaves in controversy were purchased by one Knighton from Freeman Ford on the 23d March, 1829, and that Knighton by an authentic act of 20th April, 1829, being the same day on which the order of seizure and sale issued, conveyed them to the plaintiff, Rhoda Ford, the husband *authorizing* the purchase, and the act of sale specifying that the price was paid from her paraphernal estate.

The court below dissolved the injunction, and the plaintiff appealed,

*Duncan* and *Thomas Gibbes Morgan*, for appellant, urged the following points:

1. The court below erred in sustaining the exceptions of the defendant.

2. The court below erred in receiving the copy of the judgment from the State of Mississippi, and in overruling the objection to its introduction in evidence. C. P. p. 252, arts. 746 and 747.

3. There was error in dissolving the injunction. If the defendant, Selah Ford, had a judgment on which executory process could issue, she should have insituted a suit to set aside the sale under which plaintiff claims the slaves seiz-

ed, previous to issuing the order of seizure.
9th Martin, 648; 7th Martin, n. s. 137; idem
580.

MATHEWS, J. delivered the opinion of the court. In this case, Selah Ford, one of the the defendants, obtained an order of seizure and sale, on a judgment obtained against Freeman Ford, in the State of Mississippi, by virtue of which certain slaves were seized as the property of the latter, by the sheriff of East Baton Rouge. The plaintiff in the present suit, claims the property seized as belonging to her, and obtained an injunction by which its sale was arrested. The injunction was afterwards dissolved and judgment of non-suit given against her, from which she appealed.

It appears by the record, that the order of seizure was obtained on the 20th April, 1829, and was executed by seizing the slaves in question on the following day. The letter introduced in evidence on the part of the plaintiff, bears date on the same day on which the order of seizure was granted. It is an authentic act, and purports to be a sale and conveyance of the slaves by one James A. Knighton, who

derived title by a sale from Freeman Ford, the husband of the plaintiff, dated on the 23d of March, 1829.

These acts afford very strong internal evidence of fraud, although in the instrument of sale from Knighton to the plaintiff, a covering is attempted, by an acknowledgement of the parties to that act, that the purchase was made with the paraphernal property or funds of Ford's wife, he authorizing her to buy. In consequence of the acquisition having been made during the marriage, notwithstanding the purchase was made by the wife in her individual name, the judge before whom the cause was tried in the court below, seems to have been of opinion that the property acquired constituted a part of the community of acquets and gains, and as such, was subject to seizure to satisfy the debts of her husband. The correctness of this opinion depends on a just interpretation of several articles of the *L Code.* According to the *art.* 2361, the wife has the right to administer personally her paraphernal property, without the assistance of her husband. By the *art.* 2315, paraphernal is considered as the separate property of the wife. The act immediately preceding,

declares that to be common property which
is acquired by the husband and wife during
marriage; except such as is acquired by eith-
er, by inheritance, or by donation, made to
him or her, particularly according to the *art.*
2371, the partnership or community between
husband and wife, consists of the profits of
all the effects of which the husband has the
administration and enjoyment, either of right
or in fact, of the produce of the reciprocal
industry and labor of both husband and wife,
and of the estates which they may acquire du-
ring the marriage, either by donations made
jointly to them both, or by purchase, or in any
other similar way; even although the pur-
chase be only in the name of one of the two,
and not of both; because, in that case, the
period of time, when the purchase is made, is
alone attended to, and not the person who
made the purchase.

From the nature of the partnership, or com-
munity of acquets and gains, as established by
law between husband and wife, it is not ne-
cessary that any common stock should exist
between the partners at the commencement
of the partnership for all the property which
they have at that period, may be separately

Eastern District.
*April*, 1830.

FORD
*vs.*
FORD & AL.

owned and administered by each individual of the marriage, when no marriage contract has been made.

The property acquired during the marriage by purchase, whether it be bought in the name of either husband or wife, becomes common to both. The first question that can arise in relation to such acquisitions, is whether a distinction must be made, when the property is shown to have been bought with the separate funds of one of the parties?

2d. Whether strict proof should not be required to support an individual and separate claim of this nature?

An attempt to screen property acquired during the marriage from the payment of community debts by a separate right, alleged by one of the parties,' requires strict proof of the right alleged.

Whatever would be a proper solution of the first of these questions, need not be determined in the present case; as we are clearly of opinion, that an attempt to screen community property from the payment of community debts, by a separate right alleged by one of the partners, requires strict proof of the right alleged. The principles laid down in the last article of the Code cited, creates a legal presumption that property acquired during marriage by purchase, whether the acquisition be made in the joint names of husband and wife, or in the name of either separately, must

be considered as common property, which

can be defeated only by certain and positive evidence that it was acquired by the separate funds of one of the parties: even admitting that such evidence could be allowed in pursuance of the provisions of the Code, no evidence of this kind has been offered in the cause under consideration.

We are opinion with the judge *a quo,* that the slaves seized are community property of Freeman Ford and his wife Rhoda, the plaintiff; and as such was subject to seizure on the judgment from the State of Mississippi, as it appears to have been obtained against the husband duirng his marriage with the appellant.

Objections were made in the court below to the judgment from the State of Mississippi on which the order of seizure and sale was obtained. They relate to erasures and interlineations, and the want of a certificate as required by the laws of the United States. The record of the proceedings in the case, on which that judgment was rendered, does not come up to this court in any shape whatever: and consequently we are unable to decide on the force and effect of these objections.

Eastern District.
*April*, 1830.

FORD
*vs.*
FORD & AL.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.