ALLAIN vs. LONGER.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The endorsers are bound in solido with the drawers of a promissory note when the necessary steps have been taken to bind them.

A suit against one endorser of a promissory note interrupts prescription with regard to the others.

This was an action against the endorser of a promissory note, to which was opposed the plea of prescription. From the evidence, it appeared that more than five years had elapsed from the execution of the note, to the institution of the present action; but that, within that period, a suit had been prosecuted against one of the endorsers who proved to

be insolvent. The court *a qua* gave judgement for the plaintiff, and the defendant appealed.

MATHEWS, J., delivered the opinion of the court.

This is a suit against the endorser of a negotiable note. The defendant pleaded the general issue and prescription of five years. The court below rendered judgement in favor of the plaintiff, from which the defendant appealed.

The note sued on was due on the first of February, 1824. Service of citation in the present suit was made on the 21st of February, 1832. It appears that all the formalities required by law were regularly pursued in order to charge the endorsers, who are John Whitaker, and Debuys & Longer, formerly commercial partners in New-Orleans.

The only question submitted for the decision of this court relates to the plea of prescription. It is clear that sufficient time had elapsed previous to the institution of the present action to bar it, unless interruption of the prescription intervened, as relied on by the plaintiff.

The evidence on record shows, that the plaintiff in this suit had, previous to the time fixed by law as the period of prescription in cases like the present, prosecuted a suit against the endorser, Whitaker, to judgement, who proved to be insolvent. The institution and prosecution of that suit is alleged as an interruption to the prescription of which the defendant now claims the benefit.

The researches of his counsel, and our own examination of the subject have not resulted in the discovery of any case directly in point heretofore decided, or any doctrines of writers on the law relating to bills of exchange and negotiable notes, establishing principles precisely applicable to the question before us.

The first inquiry which presents itself as indispensable in the decision of this question, relates to the nature of the obligations imposed on the maker and endorsers of a promissory note, executed in negotiable form. After a note of this

kind becomes due and payable, if the necessary steps have been taken by the holder or endorser to charge the endorsers, they, and the maker, all become equally liable to pay the whole amount promised to such holder; and he has a right to pursue all or any one of them, at his option, to recover the entire sum agreed to be paid, and payment by any one of these parties would discharge the obligations of the others towards the holder or endorser. These rights and obligations result from long established and well known rules on the subject of bills of exchange and other negotiable instruments used in commerce.

EASTERN DIS.
June, 1832.

ALLAIN
vs.
LONGER.

The endorsers are bound *in solido* with the drawers of a promissory note, when the necessary steps have been taken to bind them.

Now, if we apply to the situation of a maker and endorsers of a note, as above stated, the definition of an obligation *in solido* on the part of debtors, as laid down in the *article* 2086 *of the L. C.*, it is clearly shown that such is the obligation assumed by debtors thus circumstanced. This article declares, that "there is an obligation *in solido* on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them exonerates the others towards the creditor." The article 2092, contains an express provision that, "a suit brought against one of the debtors *in solido*, interrupts prescription with regard to all."

A suit against one endorser of a promissory note interrupts prescription with regard to the others.

We think these two articles of the code decisive of the present contest in favor of the plaintiff.


It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed, with costs.


*Carleton* and *Lockett*, for appellant.   *Saunders*, for appellee.