### BABCOCK ET AL. *vs.* SHIRLEY.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

After the defendant has pleaded the general issue, an amended answer setting up a want of consideration, will not be received.

The plaintiff cannot recover costs, even in an attachment suit, if there is no amicable demand shown, when one might have been made.

This is an action instituted on a bill of exchange, drawn by the defendant, in the state of Mississippi, on the firm of Taylor & Vose, of the same state, and accepted by one of them. The bill was drawn in favor of one Daniel T. Grigsby, and by him endorsed to the plaintiffs. It was presented for payment, which was refused by the acceptor.

The suit was commenced by attachment, after the plaintiffs had seen and conferred with the defendant, in New Orleans, relative to Grigsby's liability, without making a demand on him. He resides in the state of Mississippi.

The answer contained a general denial; and further, that no amicable demand of payment had been made.

After the case was thus at issue, the defendant came to this city and employed other counsel who moved the court for leave to file a supplemental answer, setting out at large the circumstances under which the draft was drawn, and averring an entire failure or want of consideration.

The amended answer was refused by the court. It was objected to as changing the issue or substance of the matters put at issue by the plea of the general denial. It was agreed that it come up to the Supreme Court subject to all legal objections. No bill of exception was taken.

On the evidence of the case, the district judge rendered judgment for the plaintiffs, in the sum of one thousand one hundred and forty-seven dollars, the amount of the bill sued on, with five per cent. interest, and costs. The defendant appealed.

*Maybin,* for the plaintiffs.

1. The evidence establishes the claim of the plaintiffs.

2. The supplemental answer, and the evidence in support of it were inadmissible. *Code of Practice, articles* 419 *and* 420.

3. The evidence offered, even if admissible, was not the best evidence, which the case admitted.

4. The plaintiffs could not be affected by the special circumstances between the defendant and Grigsby.

*G. B. Duncan, contra.*

1. The judge below erred in receiving the testimony offered by the defendant, and afterwards rejecting it in rendering judgment, thus depriving the appellant of the right of tendering his bill of exception. 2 *Martin, N. S.,* 335. 5 *Martin, N. S.,* 519. 1 *Louisiana Reports,* 323. *Code of Practice,* 488.

2. The draft upon which this suit is founded was drawn in Mississippi, and payable in that state, and must therefore be governed by the laws of the place where made. The plaintiffs must be presumed to have been acquainted with the law which was a part of the contract which they purchased. *Story's Conflict of Laws,* 75. 2 *Martin, N. S.,* 601, 602, 603.

3. A contract entered into in another state, to be performed there, must be received in this state, and the same interpre- tation given to them that would have been in the state where made. 2 *Louisiana Reports*, 115.

4. The laws of Mississippi offered and received in evidence in the court below, show that the maker of a promissory note, or the drawer of a bill of exchange, is permitted to plead and show the want or failure of consideration in bar to a recovery, even in the hands of third persons. See *Statutes of Mississippi*.

5. The plea of the want of an amicable demand was pleaded, and no demand was proved.

*Bullard, J.,* delivered the opinion of the court.

This case turns mainly upon the question whether the court below erred in refusing the defendant leave to amend his answer, after having pleaded the general denial, by alleging a failure of consideration in the contract sought to be enforced. The plaintiffs, as endorsees of a bill of exchange, sue the drawer, who at first put in the general denial, but afterwards filed an amended answer, alleging that the bill was drawn under an agreement, that the amount should be credited on a judgment against him in favor of the drawee, but that he was afterwards compelled to pay the judgment. Such a defence, it is admitted, would avail the defendant, according to the laws of Mississippi, where the contract was made, even against an endorsee, without notice. The amended answer was filed by consent, subject to the final opinion of the court, as to its admissibility ; and the court finally ruled that the amendment was inadmissible, and judgment being rendered in favor of the plaintiffs, the defendant appealed.

The appellees rely upon articles 419 and 420 of the Code of Practice, and several decisions of this court, in support of the proposition, that such an amendment is inadmissible after issue joined upon the general denial. These articles authorize the plaintiff, even after issue joined, to amend his petition, provided the amendment does not alter the substance of his demand by making it different from the one originally brought; and the defendant, to amend his answer, subject to the same

EASTERN DIST. *May,* 1837.

BABCOCK ET AL. *vs.* SHIRLEY.

After the defendant has pleaded the general issue, an amended answer setting up a want of consideration, will not be received.

rules, *and add to it new exceptions,* provided they be not of the dilatory kind.

The code has thus restrained the discretion of courts, in relation to amendments, instead of allowing its liberal exercise for the furtherance of justice. This court has already had occasion to give an interpretation to these articles, and the question here raised must be considered as settled. In the case of Calvert *vs.* Tunstall, it was held, that after the general denial, an amended answer setting up a want of consideration, could not be received. 2 *Louisiana Reports,* 207. The two cases cannot be distinguished.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

*L. C. Duncan,* on the part of the defendant, moved the court for a re-hearing, and to have the judgment corrected so as to allow the defendant his costs, as no amicable demand was proved.

2. This case is one of extreme hardship on the defendant, for if his supplemental answer could have been received, he has shown that the consideration of the draft had completely failed, and that he was, or is not liable.

3. The plaintiffs, by conferring with the defendant before suit, had an opportunity to make a demand on him, which they were bound to do, although this is an attachment case, before they entitled themselves to recover costs.

*Bullard, J.,* delivered the opinion of the court.

The plaintiff cannot recover costs, even in an attachment suit, if there is no amicable demand shown, when one might have been made.

In this case, it appearing that we overlooked an exception, that there was no amicable demand which was made a point on the argument of the case in this court, it is ordered that the judgment first pronounced, be set aside, and the following rendered in lieu thereof:

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed, and proceeding to render such judgment, as ought, in our opinion, to have

been given below, it is further ordered and decreed, that the plaintiffs recover of the ·defendant the sum of eleven hundred and forty-seven dollars, with interest at five per cent., from the 28th April, 1835, till paid, and no amicable demand being shown, it is further ordered that the plaintiffs pay the costs in both courts.