EASTERN DIST.
January, 1840.

DAVIS
vs.
COAN.

====

## DAVIS *vs.* COAN.

APPEAL FROM THE CITY COURT OF NEW-ORLEANS, JUDGE DUNCAN
PRESIDING.

A party pleading minority, and it is shown that he is near the age of majority, *he must clearly make it appear* that he was a minor at the time of the contract, or his plea will not avail him.

This suit is instituted on a promissory note executed by the defendant. The plea is, minority at the time of executing the obligation. The testimony is somewhat contradictory, but the judge presiding was of opinion it preponderated to the side of the defendant, rendered judgment in his favor, from which the plaintiff appealed.

*Durell,* for the appellant.

*Briggs,* contra.

*Martin, J.,* delivered the opinion of the court.

The plaintiff is appellant from a judgment sustaining the defendant's plea of minority. It was supported by one witness. A second witness was called, who disclosed the fact that an official record of the birth of the defendant existed, and upon objection being made to his testimony, he was ordered to stand aside. The plaintiff's counsel then moved that the whole of the testimony of the first witness be stricken out, at least so much thereof as went to prove the minority of the defendant by parole. This the judge refused to do, on the ground that the application came too late. The plaintiff then introduced a witness who deposed, that, a few months ago, the defendant told him that he was twenty-two years of age. That the defendant keeps a lottery office ; has a sign over his door ; and that the note sued on was given by him in the course of his business as a lottery office keeper.

It is unnecessary to decide whether the judge *a quo* erred in rejecting the plaintiff's application. When a party is near the age of majority ; his openly and publicly doing business as a person of full age, and gives himself out to the public as such, he must be held to very strict proof of his non-age. In the present case, the testimony of the first witness is balanced, at least, by that of the second. The defendant has not even made probable, that which he was bound to make certain.

*A party pleading minority, and it is shown that he is near the age of majority, he must clearly make it appear that he was a minor at the time of the contract, or his plea will not avail him.*

The plaintiff has fully made out his case, and is entitled to judgment.

It is, therefore, ordered, adjudged and decreed, that the judgment of the City Court be annulled, avoided and reversed ; and, proceeding to give such judgment as, in our opinion, ought to have been given in the court below, it is ordered, adjudged and decreed, that the plaintiff recover, from the defendant, the sum of four hundred and eighty-seven dollars and seventy-four cents, with legal interest from judicial demand, and the costs in both courts.