Stillwell v. Bobb—Application for a Re-hearing.

---

BRISON STILLWELL *v.* WILLIAM BOBB—APPLICATION FOR A RE-HEARING.

Evidence, presented by one of the parties, but not contained in the record, will not be permitted, under any circumstances, to influence the decision of the court.

The demand to be made on a note payable at a particular place, cannot be assimilated to the amicable demand required by the Code of Practice. The want of the latter must be pleaded to put the plaintiff on the proof of it, and a failure to establish it does not prevent his obtaining judgment, but only subjects him to the payment of the costs incurred before the appearance of the defendant. The former must be alleged and proved, or the plaintiff cannot recover.

Cases of *Wetmore & Co.* v. *Merrifield*, 17 La. 513, and *Booraem* v. *Merrifield*, Ib. 594, overruled, so far as they go to establish that in an action against the drawer of a bill, or maker of a note payable at a particular place, proof of a demand at such place is not necessary, where want of amicable demand has not been pleaded.

APPEAL from the District Court of the First District, *Buchanan*, J.*

. *C. M. Jones*, for the applicant.

GARLAND, J.   The counsel for the plaintiff bases his application for a re-hearing in this case on three grounds :   *First*. The omission of the court to notice a fact which he says was alleged in argument to have been given in evidence on the trial, and not denied by the other party, but which is not found in the record, to wit, that by the law of Mississippi, although a note may be payable at a particular place, an action may be maintained on it and judgment obtained, without proving a demand at the place.

*Second*. On the principle asserted by this court in the cases of *Wetmore & Co.* v. *Merrifield*, and *Booraem* v. *The Same*, in the 17 La. 513, 594, that it is not required to be proved that the laws of Mississippi, where a note is made payable, do not make it necessary to present it for payment at the place designated therein, in order to maintain an action against the maker, when the want of an amicable demand is not pleaded.

*Third*. That it was proved that since the maturity of the note, the defendant, Bobb, had repeatedly promised to pay the note ; and that such promise must be considered a waiver of any objection to the want of demand.        ,

Upon the first point, it is true the counsel for the plaintiff did assert in the argument, that it was proved by a witness that, according to the laws of Mississippi, it was not necessary, in order to obtain a judgment in that State on a note payable at a particular place, that a demand at the place should be proved.   But when we examined the record, no such evidence was in it ; and the want of proof of demand at the place of payment, is a ground specially urged by the counsel for the defendant why the plaintiff cannot recover.   Since the application for a re-hearing has been made, the counsel for the plaintiff has handed to us a statement of a highly respectable member of the bar, in which he says that he did, on the trial, testify as stated by the plaintiff's counsel, and

---

* See the original opinion pronounced in this case, 1 Robinson, 311.

the judge certifies that, according to the best of his recollection, the witness did so testify.

We have felt disposed, under the circumstances of this case, to do all in our power to relieve the plaintiff; but we cannot now permit the statements submitted to us, to influence our opinions. Though perfectly satisfied, in this instance, of the pure intentions of the gentleman who has presented the documents, yet we think it would be establishing a precedent that might hereafter be abused, if we were to permit our judgments to be influenced by evidence presented by one of the parties, not contained in the record. But even if we were disposed to receive these statements, it is very doubtful, as intimated in our opinion, whether the testimony would aid the plaintiff.

Upon the second ground, we admit that the decision in the 17 La. 513, was calculated to induce the counsel to believe that, as the want of demand of payment at the place mentioned in the note was not specially alleged, it was not necessary to prove it. The court, in that case, seemed to assimilate the demand to be made on a note payable at a particular place, to the amicable demand mentioned in the Code of Practice. This court have always made a marked distinction between the two kinds of demand. The want of an amicable demand must be pleaded to put the plaintiff on the proof of it; and a failure to prove it does not prevent his obtaining a judgment, but only makes him liable for the costs previous to the appearance of the defendant.

The other demand has always been held to be a condition precedent to a recovery. The plaintiff must not only allege, but prove it; and a failure to prove it according to the allegation, is a bar to a judgment. This principle had been considered settled since the decision in the case of *Mellon* v. *Croghan*, 3 Mart. N. S. 423, until the cases presented and relied on by plaintiff's counsel were decided. Those cases were decided when the court was not full, and when a mass of business was pressing on it. The judge who drew up the first opinion has since discovered that, in making a copy of the first draft of the opinion which was submitted to his colleagues in council, nearly a whole sentence was accidentally omitted which materially altered its meaning. Upon a reconsideration of these decisions, we are disposed to think they

should not be considered as changing the previously established practice of this tribunal.

Upon the third point, that the defendant had promised to pay the note since its maturity, we have only to remark, that the evidence does not show that he promised to pay it at any other place, than that at which it was made payable. The witness states that Bobb was in New Orleans when he made the promises to pay, but he does not say that he agreed to waive the demand at the place specified in the note.

<em>Re-hearing refused.</em>