Simon, J.
Francisco Paula de Lizardi died at Paris, on the 10th of March, 1842. He left a will, in which he instituted his wife and his children his universal heirs, in the words following, to wit; “ I direct that the capital which I was possessed of at the time of my marriage, in 1828, with Donna Helena Cubas, as it appears by the balance made up to the end of said year, of the house which bore the designation of Lizardi Brothers, and that which I have gained since then, be divided into two equal parts ; the one to belong to my wife, and the other part to be distributed in perfectly equal shares among my six children, «fee.” The pro *168 bate of this will was regularly granted by the Prerogative Court of the Archbishop of Canterbury, in London.
It appears, furthel’, that the testamentary executors appointed by the deceased in his testament,-and the widow, as natural tutrix of her children and co-heirs, sent their powers of attorney to Messrs. Juan Ygnacio de Egaña, Felix Grima, and Alexander Gordon, all residing in New Orleans, for the purpose of taking possession of the estate in Louisiana, composed of real and personal property situated at New Orleans and elsewhere, and of administering the same and disposing thereof, according to the terms of the said powers of attorney; whereupon the said attorneys in fact, in the names of their constituents, made application to the court, a qua, praying that one of them might be appointed dative testamentary executor ; that the applications made by other persons be rejected; or that they be allowed to take possession of the estate, and accept it for their constituents under the benefit of an inventory ; and that one or two of them be appointed administrator, &c.
Divers proceedings were had before the Probate Court in relation to the said testamentary succession, the dative testamentary executorship of which was claimed by several persons; when, after having heard the evidence of all the applicants, in support of their respective pretensions, the court, a qua, decided that Felix Grima, Esq., should be appointed dative testamentary executor of the last will of the deceased, and rejected the demands of the other applicants.
The dative testamentary executor subsequently petitioned the Probate Court, to be authorized to cause inventories of all the property belonging to the said succession, situated in the parish of Orleans, and in other parishes of the State, to be made according to law; whereupon it was ordered, that said inventories should be taken in the presence of all the parties interested, as well as in the presence of Martin Blache, Esq., appointed by said order to represent the absent heirs of the deceased. From this judgment appointing counsel to represent the absent heirs, and from the judgment appointing a dative testamentary executor, the attorneys in fact have appealed.
The appellants appear to have abandoned their appeal, from the *169 judgment appointing a dative testamentary executor; and the only question submitted by the parties for our consideration and solution is, whether the court, a qua, acted correctly in appointing counsel to represent the absent heirs of the deceased, whilst it has been shown that said heirs, who are all minors, are represented in the State by the appellants, as the agents or attorneys in fact of their mother and natural tutrix ?
From the very terms of the testamentary disposition it is shown, that the testator had acquired property since his marriage with the minors’ mother. Such property, if situated in Louisiana, belongs to the community of acquests and gains recognized by our laws, though the parties, (but this is not to be decided in this case,) or either of them, may have resided elsewhere; and, at the time of the dissolution of the marriage, all effects which both husband and wife reciprocally possessed, are presumed common effects or gains, until the contrarv be shown. Civ. Code, art. 2374. 5 Mart. N. S. 580. 7 Ibid. 48. 1 La. 206. 2 Ibid. 190. It is clear, therefore, that all the property left in this State by the deceased, must be at least presumed to belong to the community formerly existing between him and the minors’ mother and tutrix, to be governed by our laws ; and that all such property, if really belonging to the community, must be divided equally between the widow in her own right, and the heirs of the deceased, in right of their father, or disposed of according to his will. Civ. Code, art. 2375.
If the widow were in Louisiana, acting for herself and as tutrix of her children, it is obvious, that having rights to exercise contradictorily with the minors, she could not represent them in any of the acts relative to- the community, or to the estate by them inherited. Those acts under art. 301 of our Code, should be performed by the under-tutor, who is authorized to act whenever the interest of the minor is in opposition to that of the tutor; and upon whom alone would devolve the duly of representing the minors at the inventory. ¡See JBoileux, vol. 1, tit. 10, chap. 2, § 5. Here it does not appear that the minors have ever been provided with an under-tutor. If they have been so provided, he has not sent any power of attorney; and it is evident, that although the appellants are fully empowered to represent the testa *170 tor’s widow, not only in her own right as testamentary heir, but also as natural tutrix of her children and co-heirs, they have no right to represent the latter, and to act for them in the transactions or proceedings in which their interest may be adverse to, or in conflict with those of their tutrix.
Now, under art. 1654 of our Code, when some of the testator’s heirs are absent, and not represented in the State, it is made the duty of the Judge to appoint for them a counsel, whose duty it shall be to assist for them'at the-inventory of the effects left by the testator, to take care of their interests, &c. Under the circumstances of the case we are of opinion, that it was proper, and even necessary, to appoint a counsel for the absent heirs of the testator ; and that the Judge, a quo, did not err in making such appointment.

Judgment affirmed.