### THE FIRST MUNICIPALITY *v.* BELL et al.

A creditor for money loaned to a contractor for the erection of buildings is not within the stat. of 18 March, 1844. No privilege is conferred on such a creditor by that statute.

The stat. of 18 March, 1844, confers on mechanics, laborers, and furnishers of materials a privilege on the amount due by the proprietor, and a privilege on the building. If the contractor has not secured himself a privilege upon the building by recording his contract, he must rank as an ordinary creditor of the proprietor, and the mechanics &c. cannot be subrogated to a privilege which does not exist; but this does not effect their privilege on what the proprietor owes.

Decision in *Allen v. Wills, ante* p. 97 as to costs affirmed.

APPEAL from the Fifth District Court of New Orleans, *Buchanan,* J. *Preaux,* for the appellants. *Roselius, Latour, J.* and *H. H. Strawbridge, Bradford, Collens,* and *Halsey,* for different defendants. The judgment of the court (*Rost,* J. absent,) was pronounced by

SLIDELL, J. The present complicated controversy grew out of contracts made by the plaintiff with *Bell,* for the erection of certain water works. The contractor neglected to pay the workmen and persons who furnished materials, and they notified their claims to the municipality, under the act of 1844. The municipality, on the other hand, disputed the claims of the contractor. Suits were brought by the workmen &c.. against the contractor: and then this suit was instituted by the municipality against *Bell* and the creditors who had given notices, with which suit the other actions were consolidated. The municipality stated what it considered the amount of its indebtedness, and called upon the creditors to litigate *inter se* as to its distribution.

The district judge correctly stated the whole liability of the plaintiffs to the contracter at $25,260. A portion of this was allowed for extra work, nor comprehended by the specifications. This branch of the cause was submitted to experts, and the court adopted their report. No sufficient reason has been presented for setting aside the report. But the plaintiffs resist that portion of the claim upon the ground that it was not embraced by the original contracts and specifications, which were formally signed by the mayor, by virtue of proper resolutions of the council. The absence of a formal antecedent authorization by the council is cured by what subsequently occurred. It is satisfactorily shown that the works, which were of a complicated nature, were not fully provided for by the original specifications. Changes were found to be necessary, during the progress of the work, in the arrangement and adaptation of the machinery &c. These changes resulted in an increased expenditure, which, however, was attended with beneficial consequences. The water works, in consequence of these changes, became more efficient than they would have been according to the original specifications; and the object of the undertaking was more fully accomplished. The work was carried on under the supervision of the municipal surveyor, and at length was received by the municipality, as its ordinances show, and has been for sometime used by it. Under such circumstances to refuse to pay for the contractor's labor is inadmissible. The public has been benefitted, and the subsequent municipal ratification is as binding as an original authorization.

16

The amounts of the claims of the various creditors of the contractor, in whose favor the court below gave judgment, are not disputed by the plaintiffs, who are appellants in this cause. But the plaintiffs contend that the amount for which they are made liable to them is too large. The controversy in this respect turns upon the question whether certain payments made to the contractor were anticipated. We find no error in the opinion of the district judge on this point. When the payments in question were made, the disputed instalments were not due under the contract.

All the notices were delivered before the 24th May, 1847, except one, which was delivered on the 4th June. It does not appear that, even at that date, the works were completed. In a resolution of the council, on the 24th May, 1847, it was expressly acknowledged that the works were then incomplete, and had not been accepted by the surveyor. See the case of *Allen* v. *Wills, et al. ante* p. 97.

Only one of the creditors of *Bell,* whose claims were rejected by the district judge, has appealed. *Judson's* claim was not for labor or materials ; but arose from a loan of money to the contractor. He obtained a judgment against *Bell,* and made a seizure under *fieri facias* in the hands of the plaintiff, in February, 1848. His claim is not within the statute of 1844. He had no right against the plaintiff by reason of the nature of his debt. The anticipated payments are valid against him. He could only acquire such privilege as results from a seizure under execution; and as the entire fund due to his debtor was absorbed by the claims of creditors who were within this statute, his pretensions to participate in the fund were properly rejected.

*Judson* argues that the workmen &c., acquired no privilege upon the fund, because the contracts were not recorded. The argument confounds the privilege upon the amount due by the proprietor with the privilege upon the building. The provision for the benefit of that class of creditors is twofold ; a right of preference upon the amount due for the work, and a privilege upon the building. If the contractor has not secured himself a privilege upon the building by recording of his contract, he must rank as an ordinary creditor of the proprietor, and the workmen &c., cannot be subrogated to a privilege which does not exist. But this does not effect the privilege of the workmen &c., upon what the proprietor owes. The rights are obviously distinct. The one enables the workmen to take rank over the creditors of the proprietor, the other over the creditors of the contractor. The latter privilege may exist without the former.

Considering the unliquidated nature of the plaintiffs liability to the contractor, and the peculiar circumstances of this litigation, we do not recognize the right of the creditors to interest, except from the date of the decree establishing the amount due for the work and the rights of the claimants.

Under the ruling in *Allen* v. *Wills,* the plaintiffs must pay the costs of the present suit.

It is, therefore, decreed that the judgment be so amended as to allow the said *Dana, McGiniss, McCabe, Drummond,* and *Leeds & Co.,* against the said plaintiffs, interest on the respective amounts decreed to be paid to them by the plaintiffs, from the date of the judgment in the court below until paid, together with the costs of this suit in the court below, and one half of the costs of this appeal. It is further decreed that, the plaintiffs do recover from the said *Bell,* such other sums as the said plaintiffs shall pay for interest to said creditors un-

der this decree, with right of execution against said Bell, when the same shall be paid. It is further decreed that, the costs of the other suits, accrued before this consolidation with this suit, be paid by said Bell, except those of the suit of the said Bell v. the said Municipality. It is further decreed that, the judgment as to said Judson be affirmed, and that he pay one half of the costs of this appeal. It is further decreed that the judgment of the District Court as now amended, be affirmed.