OPPENHEIM<br>v.<br>LOOVIS.

of the contract, and the interest of the partners respectively to be one-third for *Cerf* and two-thirds for *Oppenheim*.

3d. The partnership to extend to and over all the goods, wares and merchandize of every kind, name and nature now in the store, kept by said *Oppenheim* and known by the name of the "Golden Bee Hive," and to the profits which may hereafter accrue or losses to be sustained.

4th. As soon as possible an account of stock to be taken, and *Cerf* will furnish his notes payable at one and two years to *Oppenheim* for the one-third of the original cost of the said stock.

On the 14th February, 1852, *Loovis* issued a *fieri facias* on his judgment against *Oppenheim*, and on the 16th of the same month the sheriff seized under that *fi. fa.* " two-thirds of the entire stock of goods, wares and merchandize in the store of *M. Oppenheim & Co.*, at the corner of Lafayette and Laurel streets, in the city of Baton Rouge, it being the entire interest of *Michael Oppenheim* in said stock of goods, wares and merchandize." Further proceedings under this seizure were enjoined by the plaintiffs herein, *Michael Oppenheim* and *Henri Cerf*, who allege in their petition that the seizure by a creditor of *Oppenheim*, individually, of two-thirds, or of any interest that said *Oppenheim* may have in the partnership assets of *Oppenheim & Co.* is contrary to law.

The perusal of the contract of partnership, in connection with the dates of the proceedings above referred to, makes it quite apparent that the whole partnership is a sham, a flimsy device to cover the property of *Oppenheim* from the pursuit of his creditors.

Judgment affirmed.

---

### S. H. Wood *v.* A. Hennen et als.

A purchase made at a Sheriffs' sale by one whose unauthorized conduct was calculated to defeat the rights which the plaintiff was seeking, by legal means, to enforce on the property of his debtor, will be set aside.

APPEAL from the District Court of the parish of St. Tammany, *Watterston, J. Jones & Childers*, for plaintiff. *A. Hennen* and *Durand*, for defendants and appellants.

OGDEN, J. The appearance and interference of *Hennen* at the sale of the property which the Sheriff was about to sell at the instance of Mrs. *Wood*, the intervenor, as well as of *Buckley & Holt*, to satisfy their mortgage claims against *Doten*, and his representations at the sale in regard to the tacit mortgage on the property in favor of *Durand's Wife*, were unauthorised and calculated to defeat the rights which the plaintiff was seeking, by legal means, to enforce on the property of her debtor. With whatever view it was done, the unauthorized action of the defendant had the effect of deterring other persons from purchasing, and the adjudication to him of the property, for the small sum of ten dollars and five cents, which cannot be considered a serious price, was properly set aside by the judgment of the court below. See *Liles* v. *Rhodes*, 7th L. R. 91. As the defendant, *Alfred Hennen*, does not claim in his answer that his title should be maintained, it is unnecessary to review all the evidence which was adduced on the trial, to establish a fraudulent combination between

him and *Durand* and *Wife*, to prevent the property from being sold for a fair price. The only question is whether he can be rendered liable for the debt which the plaintiff was seeking to enforce, on the ground that by his wrongful act, the plaintiff was prevented from reaping any benefit from the seizure of the property of her debtor. The plaintiff has asked an amendment of the judgment of the court below to that effect. Such a demand is inconsistent with the demand to set aside the sale. The plaintiff ought to have made her election as to which remedy she would pursue and having obtained a judgment on her prayer to that effect, annulling the sale, she can no longer seek a relief inconsistent with that which has been granted to him.

Mrs. *Durand* having been made a defendant in the suit, claims in her answer, that the mortgage declared by her husband in the sale to *Doten*, to exist in her favor for $4000 should be enforced on the property. She has given no evidence to establish any claim against her husband, except his acknowledgment which can confer no right in her favor against the creditors.

We do not think that any of the irregularities which it is alleged, existed, in the prosecution of the order of seizure and sale, can be urged as matters of defence in this suit. *Doten*, against whom those proceedings were conducted might set up such defects, but the defendants in this suit cannot. An amicable demand was not necessary, as the object of the suit was to set aside a sale which had been improperly made in the course of judicial proceedings, duly and regularly commenced.

If it had been a case where an amicable demand was necessary, the only costs from which the defendant could be relieved would be those incurred previous to filing his answer. The judgment of the court below, we think, ought not to be disturbed and it is affirmed with costs.