### EDITHA W. CLARK, v. A. T. NORWOOD.

Where a wife in community takes the title to immoveable property in her own name, she must clearly show that it was paid for with her separate funds to rescue it from the community.

APPEAL from the District Court of Ouachita, *Richardson, J.*

J. D. & J. McEnery, for plaintiff and appellant.    C. H. Morrisson and Baker & Harris, for defendant.

SPOFFORD, J.    The plaintiff seeks to enjoin the sale of certain slaves seized by order of the judgment creditors of the husband.   She asserts that the slaves are her paraphernal property, not subject to seizure for her husband's debts.

The slaves were purchased in the name of the wife pending the existence of a partnership of acquêsts and gain between her and her husband.   Indeed she does not appear to have had the control and administration of a separate estate, as she petitioned for a divorce and dissolution of the community about the time the seizure in question was made.

The community "consists of the profits of all the effects of which the husband has the administration and enjoyment, either of right or in fact, of the produce of the reciprocal industry and labor of both husband and wife, and of the estates which they may acquire during the marriage, either by donations, made jointly to them both, or by purchases, or in any other similar way, *even although the purchase be only in the name of one of the two, and not of both,*

*because in that case the period of time when the purchase is made, is alone attended to, and not the person who made the purchase.*" C. C. 2371. There being then a legal presumption that the slaves now in dispute are community property, and as such, liable to seizure for the husband's debts, it was incumbent upon the plaintiff, who asserts a separate right to the property, to make strict proof thereof. *Ford* v. *Ford, et. al.*, 1 La., 206; *Fisher* v. *Gordy*, 2 Ann., 762.

The case thus resolves itself into a question concerning the sufficiency of the proof adduced by plaintiff. We are not prepared to say that the District Judge erred in considering that the plaintiff had failed to make out her case with the certainty which the law requires. The hire of her negroes is not shown to have constituted a paraphernal fund; her commissions as administratrix fell into the community. The mode in which she paid, if indeed she has paid, the *McFall* note to *Clyme's Succession*, is not sufficiently explained. When a wife in community takes the title to immovable property in her own name, she must clearly show that it was paid for with her separate funds to rescue it from the community.

We do not think this a case in which the amendment prayed for by the appellee, should be allowed.

Judgment affirmed.