PROYOSTY, J.
[1] For disposing of this ease, a detailed statement of the facts is not necessary. A mere general outline of them will suffice. Plaintiff made a lease to *929 defendant, and defendant executed notes for the monthly installments of the rent, payable at the end of each month; that is to say, on the 1st of the succeeding month. The contract contained the stipulation that all the notes should become due in case any one of them was not paid promptly. At the institution of this suit, 20 of these notes had been paid, and 18 were unpaid, of which 3 were past due. The demand is for the aggregate amount of the unpaid notes, $3,490, and is accompanied by provisional seizure.
On receiving notice of this suit, defendant promptly tendered payment to plaintiff of the three past-due notes, and plaintiff refused to accept.
The stipulation for the prompt payment of the notes was honored by the parties more in the breach than in the observance. The note for March, 1908, was paid April 3,1908; that for April, May 1st; that for May, June 4th; that for June, July 2d; that for July, August 3d; that for August, September 23d; that for September, October 6th; those for October and November, December 2d; that for December, January 24, 1909; that for January, February 11th; that for February, March 27th; that for March, April 29th; those for April, May, and June, August 9th; that for August, September 8th; and that for September, October 11th. Defendant contends that, having consented in the past to this lax mode of dealing, plaintiff was precluded from suing out a provisional seizure without at least making an amicable demand of payment.
In the case of Standard Brewing Co. v. Anderson, 121 La. 935, 46 South. 926, this court held, quoting syllabus:
“Where_, month after month, the lessor has been receiving payment for the rent a few days later, without objection, if he desires in the future to hold the lessee strictly to payment on the day the rent falls due, he must give him notice to that effect; otherwise, the lessee will not be in legal default from delaying the usual time.”
That decision is conclusive of the present case.
Defendant’s manager testifies that on two occasions he offered to pay this accrued rent to plaintiff, and that each time plaintiff put him off. Plaintiff denies this. But plaintiff does not pretend to have presented the notes to defendant for payment. The notes were not payable at any bank or other designated place, which made it all the more necessary that, in view of the past course of dealing between the parties, plaintiff should present them for payment before suing out provisional seizure.
[2] The costs of the main demand must fall' on defendant, as the tender made was not a legal tender, and the money was not deposited in court. As all the notes are now past due, the judgment must be for the full amount sued for.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed in so far as it condemns defendant to pay the amount sued for and the costs of the main demand, and that it be set aside in so far as it maintains the provisional seizure and condemns defendant to pay the costs of same; and it is further ordered,. adjudged, and decreed that the plaintiff pay the costs of the said provisional seizure, as well as those of the present appeal.