MORRIS REINER

 VS

THE MACCABEE HOME ASSN.

**8615**

No. 8615

June 5th, 1922.

June 5'22

CHARLES F. CLAIBORNE, JUDGE.

This is an ejectment suit.

Plaintiff leased to the defendant part of the premises No. 134 S. Rampart Street for the term of twelve months commencing October 1st, 1921 and ending September 30th, 1922 at the rate of $175 per month, payable on the 1st day of each and every month, evidenced by 12 rent notes. x x x

"Should the lessee at any time fail to pay the rent punctually at maturity, as stipulated, the rent for the whole unexpired time of this lease shall, without putting said lessee in default, at once become due and exigible &c, and should the lessee, in any manner, violate any of the conditions of this lease, the lessor hereby expressly reserves to himself the right of cancelling said lease without putting the lessee in default, the lessee hereby assenting thereto, and expressly waiving the legal notice to vacate the premises".

The defendant failed to pay, on the day it matured, the rent note due December 1st, 1921; on the next day, December 2d, plaintiff notified the defendant to vacate the premises within five days; defendant having failed to move, the plaintiff filed suit against him.

The defense is that on Decmeber 2d defendant called at the Whitney Bank where the notes were deposited for collection to pay the note for the rent of November, due December 1st, and was there informed that the rent note had been withdrawn by the

plaintiff; that thereupon,on the same day,the defendant tendered
to the plaintiff the sum of $175 which he refused to accept; that
defendant then informed the plaintiff that he had paid the pre-
vious rent note due November 1st on November the 3d, to the know-
ledge of plaintiff who had not objected; and that if plaintiff
had objected and had notified defendant that he wanted the notes
paid punctually on the first of each month, that defendant would
have done so.

There was judgment for defendant, and plaintiff has
appealed.

The evidence is that the plaintiff and the defendant occu-
py the same building, the plaintiff occupies the ground floor as
a store and the defendant the upper floor, and that they see each
other practically every day; that the rent notes were deposited
for collection with the Whitney Bank; that on November 3d the de-
fendant paid the first note due on November 1st; that on the 4th
the Whitney Bank notified the plaintiff that the note had been
paid, without, however, stating on what date it had been paid;
that plaintiff had his bank book balanced on November 25th or
28th, that it was then for the first time that he noticed when
it was paid; that he made no protest to the defendant; on December
the 2d at about eleven o'clock he withdrew the remaining eleven
rent notes from the Bank; when the defendants went to the Whitney
Bank, on the same day, to pay the rent note for November, due
December the first, the rent note had been withdrawn by plaintiff;
the defendants received notice to vacate the same morning; on that
same day, at eight o'clock at night, defendants tendered $175
to the plaintiff who refused it; the plaintiff did not notify the
defendant that he must pay his note punctually on the very day
of maturity.

In the case of Bacas vs Mandot 3 Ct. App. 324 which was
an ejectment suit, this Court held:

"When a lessor, month after month, has, without objection

or protest, accepted the rental a few days after the date of maturity of the rent notes, he cannot, without previous notice to his tenant, claim a forfeiture of the lease".

The case of Bruning vs Grinage 4 Ct. App. 429 was a provisional seizure and the opinion in Bacas was affirmed.

The case of Bacas was affirmed in Standard Brewing Co. vs Anderson 121 La. 935. In that case the Court said on p 939 and 940:

"Mr. Wirth (the lessor) could not but have known that had defendant had the least suspicion that the payment of the rent to the day was of any importance, he would have taken no risk in the matter. x x x The lessee cannot claim of right any delay for the payment of his rent, and the Court cannot grant him any; but at least must he know that absolute punctuality of payment is expected of him and will be insisted on. Where by the conduct of the lessor, he is led to suppose the contrary, he cannot be said to be in fault if he allows an insignificant delay to elapse. He has, then, reason to believe that the slight delay is not objected to by the lessor".

This case was affirmed in Bonnabel vs Metairie Cypress Co. 129 La. 928.

To the same effect is Roth vs Fabian 7 Ct. App. 422.

In Briede vs Babst 131 La. 162 the Court said:

"That doctrine can obtain only where the tenant is ready to pay the rent promptly and needs no indulgence, but delays in paying simply because he is under the impression, produced by the lessor's past conduct, that it is a matter of no moment whether the payments be made promptly or a few days late".

It is true that in all the cases cited above the delay in paying the notes had been of such frequent occurrence, at least four times, that it had established a course of conduct between the parties. But this repetition or course of conduct is not ab-

solutely necessary. It is sufficient, as said in the Bacas case, if the tenant, by the conduct of the lessor, is led to suppose that absolute punctuality of payment is not expected of him and will not be insisted on, and that a slight delay will not be objected to by the lessor. In the case under consideration, the defendant tenant paid the October rent note due November 1st, on the 3d of that month; the plaintiff, by his own testimony, became aware of that fact between the 25th and 28th of November; although he occupies the same premises as the defendant, and although he met him nearly every day, he did not convey to the defendant the least suggestion of his disapproval of such delay, or of his intention to require prompt payment at maturity in the future. Defendant was justified, therefore, in construing this silence into an acquiescence of the slight delay in payment, and a consent that the same delay would be indulged in the future. We conclude, therefore, that the plaintiff had no right to demand a cancellation of the lease and the ejectment of the tenant without at least making a demand of payment of the notes.

"Forfeiture of leases are not encouraged by the
Courts, and will be enforced only when the right thereto
is clear beyond a doubt both of fact and of law".
Uniola Real Estate vs Levy Mattress Co. No. 8151 Ct. App.
Those who seek to enforce their rights ought to be sure
they have performed their obligations. In this case plaintiff
"craves the penalty and forfeit of his bond"
but he makes no tender to the defendant of his ten unmatured rent notes. A vendor cannot rescind a sale for non-payment of the price without tendering the unpaid notes. 6 La. Dig. 521, 522 (1900); 5 La. Dig. 638 (1840); Alfortish vs Pailet 7850 Ct. App.
The defendant offered to comply with his obligation by paying the rent before suit was filed against him. It is more than doubtful that under these facts, plaintiff was entitled to a judgment. Watson vs Feibel 139 La. 377.

Judgment affirmed.
June 5th, 1922.