No. 2272

Second Circuit Appeal

---

COMMERCIAL CREDIT COMPANY, INC. v. R. E. POOL

---

(June 6, 1925, Opinion and Decree)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Minors—Par. 4, 5.

Under Articles 1782 and 1785 of the Civil Code, where the testimony shows that a minor unemancipated signed the note sued on and that the contract which he entered into did not result advantageously to him, he is not bound thereby.

Appeal from Fifth Judicial District Court of Louisiana, Parish of Winn, Hon. R. W. Oglesby, Judge.

This is a suit to collect a promissory note secured by a chattel mortgage, which secured the balance of the purchase price of an automobile.

The defense was the minority of the maker of the note. Judgment for defendant. Plaintiff appealed.

Judgment affirmed.

A. Leonard Allen of Winnfield, attorney for plaintiff, appellant.

Eugene Beck, of Winnfield, attorney for defendant, appellee.

ODOM, J. On January 23, 1923, the defendant R. E. Pool bought a Ford car from the Winnfield Auto Sales Company.

He paid only part of the price in cash at the time of the purchase, and for the balance he gave his note for $386.19.

To secure the payment of this note he executed a chattel mortgage on the car.

This note was transferred by the Winnfield Auto Sales Company to the Commercial Credit Company, Inc., the plaintiff in this suit. And it brings the present suit to recover the amount of the note and interest, less credits amounting to $128.75 paid by Pool.

The defence is that the defendant was a minor at the time he executed the note and that he is not bound for that reason.

His defence was sustained by the lower court. There was judgment in his favor rejecting plaintiff's demand, from which judgment plaintiff has appealed.

OPINION.

The evidence satisfies us that the defendant was born September 26, 1903. The defendant testified that he was 21 years old on September 26, 1924. The family Bible was introduced in evidence. It shows the following:

"R. E. Poole was born September the 26, 1903."

The page from which this is taken shows the date of the birth of the father and mother and other children of these parents.

Defendant's father was called as a witness and testified that his son, the defendant, was born September 26, 1903. He identifies the family Bible and was asked who made the memoranda therein showing the date of the birth of his children and he answered that they were made by a Mrs. Crawford. He testified that Mrs. Crawford attended at the birth of defendant and three of his other children and that

he saw her make this record a few days after they were born. The names of some of his grandchildren also appear on this register and he thinks his daughter made these entries.

We think there is nothing suspicious about this registry. It is shown that the mother of defendant cannot write and it seems but natural that the midwife who attended at the birth of the children should register the date of their birth, under such circumstances. The record was evidently not made up for this particular occasion.

The note sued on is dated January 23, 1923, or nine months before the defendant reached the age of majority.

The law is that a minor unemancipated is not bound by his contracts unless beneficial to him.

See:

Southworth vs. Bowie, 1 Mar. (N. S.) 537.

Gouerot vs. Gerrett's Syndic., 3 Mar. (N. S.) 400.

Babcock vs. Pennington, 5 Mar. (N. S.) 561.

Ducrest vs. Bijeau, 8 Mar. (N. S.) 192.

And even where unemancipated minors are engaged in business they are not bound for their mercantile contracts.

Wallace vs. Tessier, 15 La. 13.

Babcock vs. Pennington, 5 Mar. (N. S.) 651.

Article 1785 of the Civil Code provides that:

"When the minor has no tutor or one who neglects to supply him with the necessaries for his support or education a contract or quasi contract for providing him with what is necessary for these purposes, is valid."

The testimony shows that defendant had been working away from home and for himself for some three or four years previous to the date on which he purchased the automobile in question and that he had managed his own affairs. He did not consult his father about the purchase of this car, and when he bought it he at once began to use it as a service car. It is contended that the defendant represented to the vendor at the time of the purchase of the car that he was 21 years old, although he denies that he told them that he was that old.

The application for the purchase of the car and the chattel mortgage both signed by him set out that he is 21 years old. He says, however, that his age was inserted in those documents out of his presence and that he signed them because the vendor told him that it would be all right. For these reasons counsel for plaintiff urges that he is bound and that he is now estopped to deny that he was of age at the time he entered into the contract.

There is nothing to show that this car was necessary for the support and education of young Pool. If he had been engaged in the mercantile or brokerage business it would hardly be contended that his contract in connection therewith would be binding upon him under the provisions of the Civil Code above quoted.

The law is that minors are not bound by their contracts unless their contracts prove advantageous to them. This contract did not result advantageously to defendant for if enforced he will be burdened with a debt which with principal, interest, costs and attorney's fees will amount to probably $350.00.

Plaintiff pleads that the defendant by his representations that he was 21 years old when he bought the car is now estopped to deny that fact.

If a minor cannot bind himself he cannot estop himself either by conduct or representations.

There is nothing to show that this defendant has held out, since he reached his majority, that he was of age when he signed the note.

In the case of Davis vs. Coan, 14 La. 257, the court said when a party is near the age of majority, is openly and publicly doing business as a person of full age and gives himself out to the public as such he must be held to very strict proof of his non age.

In that case the court found that the testimony did not show that the defendant was a minor.

We think this case is authority for holding that even if a minor does hold himself out as a major 'he will not be held if he proves that he was under age when the contract was made.

The testimony in the instant case shows to our entire satisfaction that the defendant was a minor unemancipated when he signed the note sued on and that the contract which he entered into did not result advantageously to him. That being the case, we must hold that he is not bound.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be affirmed with costs.