**WUNDERLICH v. SIMPKIN, Appellant**

---

(July 19, 1926. Opinion and Decree.)

---

*(Syllabus by the Court)*

1. **Louisiana Digest—Landlord and Tenant —Par. 84, 96.**

Where month after month the lessor has acquiesced in the lessee paying his

rent some time after it becomes due, and afterwards desires the lessee to pay on the day the rent becomes due, he should give the lessee notice to that effect and make demand upon him for payment. Without that notice he cannot issue a provisional seizure, and without demand he cannot recover costs, when defendant complies with the demand of the petition.

**2. Louisiana Digest—Judgment—Par. 18, 26.**

A plaintiff may obtain immediate judgment for the amount admitted to be due by defendant and deposited in court.

**3. Louisiana Digest—Tender—Par. 7.**

A plaintiff who has refused a legal tender can recover neither interest nor costs.

**4. Louisiana Digest—Landlord and Tenant —Par. 84; Bills and Notes—Par. 240.**

Judgment may be rendered for notes that have matured pending the litigation.

**5 Louisiana Digest—Attorneys—Par. 53.**

Attorney's fees stipulated in a contract will not be allowed when the suit is unnecessary or premature.

Appeal from Civil District Court, Division "D".

Action by Anna Wunderlich against Jacob Simpkin.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed in part and reversed in part.

Terriberry, Rice & Young, Andrew R. Martinez, of New Orleans, attorneys for plaintiff, appellee.

Dart, Kernan & Dart, Louis C. Guidry, W. O. Hart, of New Orleans, attorneys for defendant, appellant.

CLAIBORNE, J. This is a suit for rent accompanied by provisional seizure.

Plaintiff alleged that by an act under private signature dated July 15, 1921, she leased to Jacob Simkin the property Nos. 1413-15 Prytania street for twenty-four months commencing October 1, 1921, and ending September 30, 1923, for the price of $125.00 per month, payable on the first day of each month, evidenced by twenty-four notes made by the lessee to his own order, bearing eight per cent interest from maturity; that it was stipulated in said lease that "should the lessee at any time fail to pay the rent promptly at maturity the rent for the whole unexpired term of this lease shall without putting said lessee in default at once become due and exigible; and in case the said lessee shall pay an additional sum of ten per cent on the amount so due and exigible as counsel fees"; that the rent note due June 1, 1923, was unpaid "notwithstanding demand" and by the terms of said lease the other five notes became due and payable, making in all $625.00 with eight per cent interest; petitioner further alleged that she had good reasons to believe that the lessee would remove the property from the leased premises. She prayed for provisional seizure and for judgment for $625.00 with eight per cent interest from maturity of the notes, ten per cent attorney's fees and costs.

The order for provisional seizure was granted and the writ issued; the contents of the leased premises were seized and bonded by the defendant.

The defendant filed a rule against the plaintiff to show cause why the provisional seizure should not be set aside on the following grounds:

1st. That the affidavit annexed to the petition is insufficient and not according to law.

2nd. That mover is not delinquent in the payment of his rent; that since the maturity of the first note, mover has been accustomed to paying his rent at any time within thirty days after the maturity of his rent notes, with the consent, knowledge, and without any objection on the part of the plaintiff; that he had not been notified by the plaintiff that this method of paying his rent was not satisfactory and had no notice that the rent maturing on June 1, 1923, would have to be paid in any other manner; that on the day this writ was issued mover attempted to pay the rent note maturing on June 1, 1923, at the Citizens Bank and Trust Company, on Gravier street, in this city, where the notes were deposited for collection; that he was advised that the rent note had been withdrawn by the owner; that he has always been ready to pay said note, and is now ready and willing to do so; that he now tenders the amount thereof, namely $125.00, in payment of his rent, which he now deposits in the registry of the court.

To this rule plaintiff answered that she "specifically denied that she gave permission to the defendant to pay his rent after maturity, but on the contrary avers that she repeatedly notified the defendant that the rent had to be paid punctually; that defendant has been urged continually to pay the rent punctually as it fell due, and, although he promised faithfully to do so, repeatedly ignored these demands."

Defendant filed an answer containing practically a repetition of the allegations of the rule to set aside the provisional seizure.

The district judge dismissed the rule to set aside the provisional seizure.

The plaintiff and defendant then agreed that the judge should decide the case on the merits of the evidence heretofore submitted on the trial of the rule to set aside the provisional seizure.

There was judgment as prayed for on the merits and the defendant appealed.

Of course, the burden was upon the defendant to prove his defense that he was in the habit of paying his rent after it was due with plaintiff's consent, and without any objection on his part, and that this suit was filed against him without previous amicable demand.

This suit was filed June 18, 1923.

The evidence is that the defendant has been a tenant of the plaintiff for the last eight or ten years; that in the earlier days he was fairly prompt; that he grew gradually worse and worse, until he never paid his rent on the day it became due but only several days after and sometimes weeks; on December 3, 1922, plaintiff called the defendant's attention to the fact that he had paid the October rent only on December 2, and that the November rent was due, and that he would be much obliged to him if he would arrange to take up the November rent during this week. On December 12 following, he writes again to defendant that he has not paid his November rent and advises him that the note must be taken up within forty-eight hours and concludes by insisting that from now on there must be no delay in the monthly payment and that the rent must be paid promptly within the first three days of each month. But it appears that this threat was not carried out. It remained "brutum fulmen".

The month of November appears to have been paid only on December 19.

On December 23, 1922, plaintiff again writes to defendant:

"Enclosed you will find rent note for November, which was taken up by check you sent me a few days ago. In sending it to you I am taking the opportunity of recalling to your notice the contents of letter to you under date December 12, 1922, in which you were told that in future the rent notes must be promptly taken up. I trust you will heed this notice and prepare yourself to take up the notes each month as they come due not later than the 3rd or 4th of each month. By so doing you will save trouble to both of us."

On January 9, 1922 (1923), the defendant wrote to the plaintiff:

"I am very sorry it happened that I fell back in rent, but next Monday I will take out my rent note, and from February 1, I will meet my rent notes prompt."

Notwithstanding this letter the December rent was paid only on January 15, and the month of March on April 23.

There is no other correspondence on the subject.

The plaintiff testified that he called several times on the defendant who paid the April rent only on May 31; he told him he would write no more, but that the attorney would take care of him; and that at his request his lawyer, Mr. Young, wrote the defendant a letter demanding payment within forty-eight hours.

Mr. Young, plaintiff's attorney, did not testify in the case.

The defendant denied having received a letter from Mr. Young; he also denied that the plaintiff had told him that he would have to pay his rent promptly.

He deposited in court the rent for May and June and for all the other months.

This evidence makes it clear that notwithstanding the threatening letters of December 12 and 23, he, plaintiff, allowed the defendant to continue to pay his rent after it became due for the six months of November, 1922, to May 1, 1923, without action on his part. There is no evidence that during those six months plaintiff warned the defendant to pay his rent at maturity; he was evidently indulging him as an old tenant.

The situation in this case is the same as existed in the leading case of Bacas vs. Mandot, 3 Orl. App. 324. In that case the court said:

"Under such condition the obligee (lessor) must give notice that he will thereafter so insist on payment at maturity and put the obligor in default, and if he fails to do so seasonably and the obligor (lessee), relying on the past conduct of the obligee, fails to pay the rent or next installment at maturity, the obligee will be equitably estopped from demanding the dissolution or damages, provided the payment be made as has been usual, shortly after the maturity."

See also Roth vs. Fabian, 7 Ct. App. 422; Standard Brewing Co. vs. Anderson, 121 La. 935, 46 South. 926.

In the case of Bruning vs. Griuage, 4 Orl. App. 429, this court said on p. 43:

"We find that of the four notes preceding the one sued on, the first of these was paid at the Whitney-Central Bank on the 13th day of November, 1905. That two other notes were paid on the 16th of the month instead of on the first, and a fourth note was paid on the 17th of the month."

The provisional seizure issued on March 16. The court said:

"When a lessor month after month, even though he does not expressly agree so to do, without objection or protest, receives and accepts the rental at a later date than that specified in the contract of lease and rent notes, he cannot, without previous notice to his tenant, given not later than the time of the past payment, demand

said rental at an earlier day than that upon which notes were customarily paid, and a writ of provisional seizure under these circumstances will be held to have improvidently issued."

In the case of Standard Brewing Co. vs. Anderson, 121 La. 935, the court approved the ruling in Bacas vs. Mandot.

Bonnabel vs. Metairie Cypress Co., 129 La. 928, 57 South. 271, affirmed the Standard Brewing Co. case and said that the plaintiff should have presented the notes "for payment before suing out a provisional seizure".

There is no evidence in this case that after the letter of December 23, 1922, the defendant was notified either verbally or in writing that he must pay his notes at maturity, or that there was any demand made upon the defendant for the payment of his notes. On the other hand, the evidence is conclusive that defendant continued to pay his notes for the months of December, 1922, and January, February, March and April, several days and weeks after maturity. It is also shown that plaintiff filed this suit against the defendant without notice or demand.

The plaintiff is entitled to judgment for the full amount of the notes as they have all matured since the filing of this suit. Rideau vs. Bornet, et al., 1 La. Ann. 408; Miss McCalop vs. Fluker's Heirs, 12 La. Ann. 551; Cooley & Phillips vs. P. Esteban, 26 La. Ann. 516; Shreveport Ice & Brewing Co. vs. Mandel Bros., 128 La. 318, 54 South. 831; Bonnabel vs. Metairie Cypress Co., 129 La. 928, 57 South. 271. But he is not entitled to costs, because he filed the suit without having previously made a demand, and because the defendant complied with the demand and paid the note due at the time of the suit and paid all the others at maturity.

"When there is no amicable demand defendant will be allowed costs." 1 H. D. 3261-9; Davis vs. Coann, 14 La. 257; Varion vs. Debergue, 18 La. 40; Wood vs. Hennen, 9 La. Ann. 264; Mead vs. Oakley, 7 Mart. N. S. 265; Bailey vs. Baldwin, 8 Mart. N. S. 117; Stillwell vs. Bobb, 2 Rob. 329; Tietjen vs. Penniman, 1 La. 268; Ford vs. Ford, 1 La. 204; Allain vs. Langer, 4 La. 151; Torre vs. Messerbey, 4 La. 204; Babcock vs. Shirley, 11 La. 76.

In Torre vs. Messerbey, 4 La. 204, where attachment had issued prior to amicable demand, Judge Porter said:

"If the reason of the rule be that the creditor should be punished in costs for suing where he might have been paid by demanding the money from the debtor, it applies with more force to a case where he resorts to so severe remedy as that by attachment."

In the leading case of Baptiste vs. Soulie, 13 La. 268, the court said:

"Where no amicable demand has been made, if upon service of the citation the defendant complies with the prayer of the petition, the costs incurred must be borne by the plaintiff, but if, instead of this, he comes into court to defend the action and judgment is subsequently given against him, the legal presumption which operated in his favor has ceased to exist and we see no reason why he should recover any costs made after first appearance." Allen vs. Wills, 4 La. Ann. 97; First Municipality vs. Bell, 4 La. Ann. 121; Phelps vs. Coggeshall, 13 La. Ann. 440.

It is plaintiff's fault if he did not take the sums admitted to be due by the defendant and deposited by him in the registry of the court.

"Where defendant in his answer admits that part of the amount claimed by plaintiff is due, the latter may take judgment for the amount so admitted and prosecute his suit for the remainder." Frey vs. Fitzpatrick, 108 La. 125, 32 South. 437.

"After a legal tender has been made and refused, the defendant owes neither interest nor costs. Murphy vs. Hussey, 117 La. 396, 41 South. 692.

Nor is the plaintiff entitled to attorney's fees. The conclusion we have announced above that the suit was unnecessary and premature precludes such a claim. It goes without saying that it is only when the lessor exercises a legal right in bringing a suit against the lessee that he becomes entitled to recover attorney's fees spent by him; but he cannot take advantage of his illegal act in bringing a suit. Succession of Burke, 107 La. 85, 31 South. 391; Abramson vs. N. O. Brewing Assn., 110 La. 1013, 35 South. 268; Succession of Howell, 121 La. 955, 46 South. 933.

It is therefore ordered that the judgment appealed from in favor of plaintiff and against the defendant for six hundred and twenty-five dollars be affirmed; that plaintiff's demand for interest and attorney's fees and costs be rejected and that the writ of provisional seizure be dissolved, the plaintiff to pay all costs in both courts.