WILCOXEN v. BOWLES.

A lessor may sue for rent, whether due or not, and seize provisionally the effects subject to his lien found upon the premises, where he has good reason to believe that the lessee will remove them, and that he may be thereby deprived of his lien, on making oath to those facts. C. P. 285. 287.

Any doubt as to the interpretation of a contract, may be removed by the construction put upon it by the acts of the parties themselves.

Where the rent of land leased for the cultivation of sugar is payable in a portion of the crop, it will be presumed, in the absence of any express stipulation, that it was intended that the sugar should be delivered in the usual manner, that is, in hogsheads or barrels; and the lessee cannot claim any allowance for the cost of the hogsheads or barrels.

APPEAL from the District Court of St. Mary, *Boyce*, J. *W. L. Brent* and *W. C Dwight*, for the plaintiff. *Maskell* and *Lewis*, for the appellant.

The judgment of the court was pronounced by

KING, J. The plaintiff leased to the defendant a sugar plantation for three years, from the first of January, 1842, for which the latter stipulated to pay to the former annually, one-fourth of the sugar, molasses, corn, potatoes, and oranges produced upon the property leased. In 1844, there was produced upon the plantation 114 hogsheads and 2 barrels of sugar, 5130 gallons of molasses, and 140 barrels of corn. The portion of the sugar of that year destined for *Wilcoxen*, was set apart, marked, and placed under a shed, by a person who appears to have acted as the common agent of the parties in making the division. In January, 1845, a few days before the conclusion of the sugar grinding, *Bowles* signified his intention to ship the sugar designated for the plaintiff, unless the latter should pay him the value of the hogsheads in which it was contained. The plaintiff thereupon instituted this action for a fourth of the crop of sugar and molasses produced in 1844, for the value of one-fourth of the corn and oranges, and for a sugar mill broken during the grinding. He also claimed the amount of two promissory notes, and obtained a provisional seizure of forty hogsheads of sugar, in order to secure the performance of the stipulations of the lease.

The defendant pleaded first, that the suit was premature, having been insti- WILCOXEN
tuted before the sugar making had been completed, and at a time when the sti-    *v.*
pulated rent was not due.   He also alleged that, he had performed the obli-     BOWLES.
gations of his contract, and claimed several small sums in compensation, and,
among them, the price of the hogsheads in.which the sugar of the two previ-
ous years had been delivered, and those containing the plaintiff's portion of the
crop of 1844.

The plea of prematurity was overruled, and a judgment rendered in favor of
the plaintiff for the amount of the two notes, with interest as claimed, for the
price of one-fourth of the corn, and for one-fourth of the crop of sugar and
molasses, deducting a small quantity of each of the latter articles which had
been previously delivered.   Several small sums were allowed to the defendant
in compensation, amounting collectively to $101 80, and his claim for the value
of the sugar hogsheads was rejected.   From this judgment the defendant has
appealed.

We think that the plea of prematurity was properly overruled.   The lessor
is permitted to sue for rent whether due or not, and to seize provisionally the
effects subject to his claim found upon the land leased, when he has good reason
to believe that the lessee will remove the property on which he has a privilege,
and that he may thereby be deprived of his lien, upon making oath to those facts.
The required oath was taken by the plaintiff in the present instance.   Code of
Pract. arts. 285, 287.   This well recognised principle renders it unnecessary to
inquire whether the manufacture of the sugar crop had been completed, or the
lease had expired before the inception of the suit.

The defendant contends that, at the date of the institution of this action, a
delivery had been made to the plaintiff of his portion of the sugar crop, by
marking the hogsheads designated for the latter, and placing them under a shed,
the use of which had been reserved by the lessor.   His declarations made
subsequent to these acts, of his intention to ship the sugar unless the price of
the hogsheads should be paid, show conclusively that he did not himself consider
that the sugar had been delivered, but, on the contrary, that it still remained in
his possession.

The claim of the defendant for the value of the hogsheads delivered and to be
delivered, we deem equally untenable.   There is no stipulation in the lease as to
the mode of delivery.   But the understanding of the parties and the construc-
tion which they gave to their contract, is placed beyond question by their acts.
Witnesses state that the sugar of the previous years was delivered to the plain-
tiff in hogsheads, and that no claim for the value of the hogsheads was made by
the defendant.   In the absence of other means of arriving at the intention of
the parties, the stipulation to give the fourth of a crop of sugar, would imply
that, the delivery was to be made in the manner usual with planters, either in
hogsheads or barrels.

After a careful examination, we think that all the claims have been allowed
to the defendant which the evidence authorized.

*Judgment affirmed.*