## RIDEAU v. BORNET et al.

The owner of certain slaves on whom an execution had been levied, having refused to deliver them to the marshal, the latter sold them, announcing that the purchaser must assume the

risk of finding them. In an action by the purchaser against the owner, to recover the slaves, with damages for their detention: *Held*, that no evidence having been offered to show that the owner had been put in default before the institution of suit, she is responsible for their hire, as damages for her failure to deliver, only from the judicial demand.

APPEAL from the District Court of the First District, *Buchanan*, J. *David*, for the appellant. *Delavigne, Simon* and *Morphy*, for the defendants. The judgment of the court was pronounced by

KING, J. The plaintiff seeks in this action to recover from the defendants the possession of two slaves, which were adjudicated to him at a marshal's sale, and damages for their illegal detention. He avers that the defendant, *P. C. Bornet* refused to deliver the slaves, after they were adjudicated to him, and placed them in the possession of the defendant *Philippon*, by whom they were concealed. On this allegation he claims $2 a day for each of the slaves, for the time during which he has been deprived of their use, and contends that the defendants have rendered themselves liable, each to a fine of $300, to the use of the parishes in which they respectively reside, which he prays they may be condemned to pay. There was a judgment in the lower court in favor of the defendants, from which the plaintiff has appealed.

It appears that the marshal of the United States, acting under a writ of *fieri facias*, issued in the case of *Lafleur* v. *Bornet*, levied on several slaves, among which were the two, the possession of which is now claimed. The defendant *Bornet* refused to deliver the slaves to the officer, or to inform him where they were to be found. The marshal proceeded to sell them, announcing that they were not in his possession, and that the purchaser would take the risk of finding them. On these terms, the plaintiff became the purchaser at the second exposure, and gave his twelve-month's bond for the price. Some months after the sale the slaves appear to have been in the possession of the defendant *Philippon*, who finding that they were advertised by the plaintiff in one of the city papers as runaways, immediately returned them to *P. C. Bornet*, from whom they had been received. The evidence shows no intention on her part to conceal, or harbor the slaves, nor does her conduct, in reference to them, appear to have been otherwise reprehensible.

The claim for $2 a day for each of the slaves, and for a fine of $300 to be imposed upon each of the defendants, is based on two statutory provisions found in the black Code, which annex penalties to the offences of concealing slaves, receiving them on hire without the permission of the master, and harboring runaways. There is no evidence in the record that the slaves in question were runaways, or that either of the defendants have offended against the provisions of those laws. The defendant *P. C. Bornet*, however, has tortiously deprived the plaintiff of the use of his slaves, and is answerable to him in damages. There is no evidence before us showing that she has been otherwise put in default than by the institution of this suit, and from that date only is she answerable in damages for their non-delivery. 1 Mart. N. S. 574.

The value of one of the slaves has been estimated at $10 per month, and the other at $3 per month. The cost of advertising and of recovering possession of them is shown to have been about $60.

The plaintiff was permitted, on the 19th June, 1845, to bond the slaves in question, which had been sequestered in a suit then pending between the plaintiff and *Bornet*, and from that time he appears to have had them in possession. The service of citation in the present suit was on the 26th March, 1845. The

defendant thus detained the slaves two and three fourths months after being put in delay.

The right of the plaintiff to recover, is further opposed on the ground that the marshal's sale to him was null, in consequence of certain alleged informalities. In the suit of *Bornet* v. *David*,* lately decided, the defendant *Bornet* claimed and obtained a judgment for the twelve-month's bond given by *Rideau*, the plaintiff, for the purchase of these slaves. This is a ratification of the marshal's sale, which concludes her from questioning its validity.

It is therefore ordered, that the judgment of the District Court be reversed. It is further decreed that the plaintiff be quieted in his possession of the slaves *Aimée* and *Chouchoute*, and that he recover of the defendant *P. C. Bornet*, $92 25 damages, the costs of suit in the court below, and one half the costs of this appeal. It is further ordered that the plaintiff's demand against the defendant *Philippon* be rejected, and that he pay the costs of the suit against her in the court below, and one half of the costs of this appeal.

---

* This case, presenting only questions of fact, is not reported.