No. 4388.

COOLEY & PHILLIPS *v.* P. ESTEBAN et als.

The defense in this suit based upon a promissory note is : That the defendants are not personally bound, as they acted as a committee in behalf of the Butchers' Benevolent Association.

The note reads thus : " The Butchers' Benevolent Association *v.* The Crescent City Live Stock and Slaughterhouse Company, No. —, Sixth District Court, parish of Orleans. We, the undersigned, hereby bind ourselves to pay *in solido*, to Cooley & Phillips, attorneys at law, the sum of one thousand dollars, as soon as the above styled suit shall have been finally decided, being for professional services to be rendered by said Cooley & Phillips to the plaintiffs in the above suit." Signed, Paul Esteban, J. T. Aycock, Dugue Verges, special committee.

This court thinks the signers of the obligation sued upon, bound themselves to pay the sum promised. There is nothing ambiguous in the written obligation; but if, by any perversion of language, the phrase "*we*, the *undersigned*, hereby obligate *ourselves* to pay," could be made to mean the *Butchers' Benevolent Association* obligated themselves to pay, this court would then be at a loss to know the sense of putting the words *in solido* in the obligation.

Besides, it appears from the evidence that the plaintiffs required that their fees should be *secured*. Of course, the Association's obligation was not *secured* unless the defendants were personally bound.

The plea that the suit is premature should have been filed *in limine litis*. It was too late after answer filed.

APPEAL from the Seventh District Court, parish of Orleans. *Collens*, J. *Cooley & Phillips*, personally, appellants. *H. Dugué, Fellows & Mills*, for defendants and appellees.

LUDELING, C. J. This suit is based upon the following promissory note:

" The Butchers' Benevolent Association *v.* The Crescent City Live Stock and Slaughterhouse Company, No. —, Sixth District Court, parish of Orleans. We, the undersigned, hereby bind ourselves to pay, *in solido*, to Cooley & Phillips, attorneys at law, the sum of one thousand dollars as soon as the above styled suit shall have been finally

decided; being for professional services to be rendered by said Cooley & Phillips to the plaintiffs in the above suit.

                            " PAUL ESTEBAN,
                            " J. T. AYCOCK,
                            " DUGUE VERGES,
                                  " Special Committee."

The defense is that the defendants are not personally bound, as they acted as a committee in behalf of the Butchers' Benevolent Association. They further allege that $500 have been paid on said contract. They called the said Association in warranty to defend this suit and for judgment against the Association, if any judgment should be rendered against them. There was judgment rejecting the plaintiffs' demand, and they have appealed.

We think the signers of the obligation sued upon bound themselves to pay the sum promised. There is nothing ambiguous in the written obligation ; but if, by any perversion of language, the phrase, "we, the undersigned, hereby obligate ourselves to pay," could be made to mean the Butchers' Benevolent Association obligated themselves to pay, we would then be at a loss to know the sense of putting the words, *in solido*, in the obligation. Besides, it appears from the evidence that the plaintiffs required that their fee should be secured. Of course, the Association's obligation was not secured unless the defendants were personally bound.

The language of the receipt given for the five hundred dollars paid, as well as the fact that it was paid about the time the plaintiffs were employed, and long before the maturity of the obligation, satisfy us that it was not intended to be a payment on the obligation sued upon, but a retainer, in addition to said obligation. The receipt is in the following words and figures: " Received, New Orleans, May 28, 1869, of Mr. Aycock, through the hands of J. B. Cotton, Esq., the sum of five hundred dollars, being the cash payment for our services as attorneys for plaintiffs," etc.

The plea that the suit is premature should have been filed *in limine litis.* It was too late after answer filed, and it is certainly due now.

It is therefore ordered and adjudged that the judgment of the lower court be reversed, and that there be judgment in favor of the plaintiffs against Paul Esteban, J. T. Aycock, the succession of Dugué Verges, *in solido*, for one thousand dollars, with five per cent. per annum interest from judicial demand and costs.

It is further ordered and adjudged that the said Paul Esteban, J. T. Aycock, and the legal representatives of the succession of Dugué Verges, have and recover judgment in their favor against the Butchers' Benevolent Association for the amount above stated, with interest and costs.