The opinion of the court was delivered by
Miller, J.
The defendants appeal from the judgment- against them awarding plaintiff damages for the removal from his premises by defendants of the telephone instruments .placed there by them with the requisite connections under their contract for plaintiff’s use in receiving and transmitting telephonic communications.
The petition in effect charges that for the yearly sum of one .hundred and five dollars, paid by him, defendants furnished the telephone instruments in defendants’ place of business, and agreed that he should have the use of the instruments and connecting lines for the purposes of his business; that subsequently, and with the contract ■in force, defendants, wrongfully and without notice, severed the connection of the instruments with the lines, and removed the instruments from plaintiff’s premises, causing him losses in business and humiliation, for which he claims five thousand dollars, and the lower court awarded him two huudred dollars damages.
The contract of plaintiff with defendants was made in April, 1893, *1691 and it stipulated that the yearly sum for the telephone service should be paid in advance, beginning from the date the instruments were put in position. It is in evidence that for the first and second years the advance payments were waived, payments in July and October were substituted, and payments for those years were made accordingly; the third year began in May, and we do not understand it to be claimed there was any waiver of the advance payment for that year, nor any discussion oa that point; that year ran on, with no payment from plaintiff until September, although several calls were made on him by defendants’ collector. On September 19 there was a telephonic communication between the company and plaintiff. He was informed if the yearly rental was not .paid the telephone service would have to be discontinued. To this he replied the company would have to see his brother. The treasurer of the company replied, “the account had been outstanding some time, and not being able to see his brother, the company would have to discontinue the service;” and to this plaintiff answered: “ Do as you please, or suit yourself.” Thereafter the company ■directed the removal of the instruments from plaintiff’s premises and •cut off the connection with the company’s lines. The removal was ■effected quietly, the plaintiff making no objection, but giving the linemen charged with the removal the necessary information of the location of the instruments to be removed.
The defendants surely were under no obligation to continue their telephone service to plaintiff without payment of the stipulated price for the service. Payment in advance was the requirement. The waiver of advance for the first two years could not be extended to the third year. The waiver was grace, not a matter of right. But even if the extension of time for 1893 and 1894 could be deemed implied for 1895, the instruments were not removed until the grace of the previdus year had expired. The contract, it is true, stipulated written notice of removal. But after plaintiff had told the company to do as they pleased, when informed that unless the dues for the telephone service were paid the instrument would have to be .removed, no written notice was at all necessary. If written notice has been claimed and not given the case might be different. But in effect it was dispensed with and the intercourse, as shown by the record, was of a character to lead to the inference that defendant had no objection to the removal. The company, in our opinion, *1692 exercised its right and in a lawful manner, and hence incurred no liability to plaintiff.
It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed at plaintiff’s costs.