Statement of the Case.
MONROE, J.
In December, 1900, the plaintiff leased a plantation to the defendants at an annual rental of $3,500, payable at the end of each year, and she also sold them a lot of mules and other movable property for the agreed price of $2,500, of which $900 was made payable in December, 1901, and the balance, in equal installments, in 1902 and 1903. In 1901, before the end of the year, the defendants, probably in view of the fact that they desired to ship their crop of rice, secured the plaintiff with regard to the rent by giving a draft on their, merchant in New Orleans, which was duly accepted. In 1902 they began shipping their rice without consulting the plaintiff, whose agent, Mr. Guilbeau, in the month of September, called upon James J. Conrad, the manager (and, as it now appears, the owner) of the planting business, and suggested that an arrangement similar to that of the year before should be made in regard to the rent; but Mr. Conrad rather curtly declined to adopt the suggestion, and informed Mr. Guilbeau that he could do as he pleased. There is some difference at this point in the testimony of the two gentlemen as to whether Mr. Guilbeau was authorized to write to Mr. Conrad’s merchant on the subject.
However that may be, the merchant was written to on plaintiff’s behalf, and replied, declining to accept a draft for the rent. Tn the meantime the defendants had shipped from the plantation 2,012 sacks of the year’s crop of rice, worth, as w.e understand the testimony, between $7,000 and $8,000, and they still refused to make any arrangement for the security of the lessor. The evidence shows that the crop of the year before had yielded but little profit, that some of the planters had been unable to meet their expenses, and that the outlook for the then current year was discouraging. The defendants, as we have seen, owed the plaintiff a balance of $1,000 (which had not matured) on the price of mules, etc.; their rent note for $3,-500 was to fall due in December; and, whilst they refused otherwise to secure it, they were shipping away the crop which was pledged for its payment.
It is true that there was other property on the plantation, the value of which largely exceeded the amount of plaintiff’s claim, but thé evidence fails to show the extent of her knowledge concerning it, and it is not surprising, under the circumstances, that her agent should have felt himself constrained to make a seizure for the rent, which, after a few days, was released, on the defendants’ giving bond. A motion to dissolve the writ was filed by the defendants, and after a hearing, in which the facts hereinbefore stated were disclosed, was dismissed. Thereafter there was some delay in the service of the citations, and, still later, the defendants failing to answer, a judgment by default, confirmation thereof, and a devolutive appeal by James J. Conrad, the one of the four lessees who, as we have stated, appears to have become the proprietor of the business for which the plantation was leased.
Opinion.
We are unable to discover any reason why the judgment appealed from should not be affirmed. The property which the defendants removed and were removing from the plantation was pledged to secure the rent to become due, and the lessees had no right to remove it without the consent of the lessor. The question whether the lessor was still sufficiently secured was one which she had the i>rivilege of determining for herself, and which the lessees had no right to determine for her. Code Prac. art. 287; Wilcoxen v. Bowles, 1 La. Ann. 230; Thomas v. Dundas, 34 La. Ann. 1258; Dillon v. Porier, Id. 1100.
Judgment affirmed,