MILLOT v. CONRAD.

(38 South. 139.)

No. 15,475.

MILLOT v. CONRAD et al.

(Feb. 27, 1905.)

PLEDGE—WHAT CONSTITUTES—SALE OF MOVA-
BLES.

An instrument purporting to sell certain movables on a plantation for a certain price acknowledged to have been paid in cash cannot be construed, as against third persons, as a contract of pledge securing the contingent liability of a surety on a release bond.

(Syllabus by the Court.)

Action by Lucy Millot against Charles Conrad and others. Leon Dreyfus intervened. A judgment dismissing the intervention was affirmed by the Court of Appeal, and intervener applied for certiorari or writ of review. Affirmed.

Burke & Burke, for applicant Dreyfus. Martin, Voorhies & Martin and Frank T. Guilbeau, for respondent Mrs. Lucy Millot. J. E. Monton, for defendant Conrad.

LAND, J. In December, 1900, Mrs. Lucy Millot leased to Charles Conrad and others the Lawrence Plantation, for the term of three years, for a rental of three thousand five hundred ($3,500) dollars per annum, represented by three notes maturing respectively on December 13, 1901, 1902, and 1903. The first note was paid. In September, 1902, the lessor provisionally seized all the movables and all the crops on the leased premises. This seizure was released on bond executed on September 30, 1902, with Leon Dreyfus as security. This suit was contested, and was terminated by a judgment of this court rendered May 23, 1904. See Millot v. Conrad, 112 La. 928, 36 South. 807.

114 LA.—7

On December 22, 1902, the lessor sued out a second writ of provisional seizure for the rent of 1903, under which movable effects were seized on and off the leased premises. These movables formed a part of the property seized in the first suit and released on bond. Prior to this second seizure, mules, thresher, and other effects had been removed from the premises and disposed of by the security on the release bond. This surety, Leon Dreyfus, intervened in the second suit, claiming ownership by virtue of an alleged cash sale from the lessees, of date December 17, 1902, and averred that, if the act could not be considered as a sale, it was good as a pledge. Plaintiff, for answer to the intervention, pleaded that the alleged sale was a fraudulent simulation, and that the act was not legal and valid as a pledge.

The district court dismissed the intervention, and the judgment was affirmed by the Court of Appeal. Whereupon the intervener applied for a writ of review, which was granted by this court.

The Court of Appeal held that the instrument relied on by intervener, purporting to be a cash sale, was not in reality a sale, because the evidence showed that no price was agreed to or paid, and was not a pledge, because it lacked the essential elements of the latter contract.

The instrument referred to is of date December 17, 1902, and is a formal sale of certain described movables, then being on the property of Mrs. Lucy Millot, for the price of one thousand eight hundred ($1,800) dollars, paid in cash. It is admitted that no price was paid, and that the only consideration moving between the parties was that intervener had become surety on the release bond already mentioned. Hence the contract was not one of sale transferring title. A pledge is a contract of security. Civ. Code, art. 3133. As to third persons, a contract whereby corporeal movables are pledged must be in writing, stating the amount of the

debt intended to be secured, and the species and nature of the thing given in pledge. Civ. Code, art. 3158, as amended by Act 157, p. 239, of 1900. An absolute sale for a cash price acknowledged to have been received cannot be construed as a pledge. To permit the parties by parol evidence to convert such an instrument into an act of pledge to secure a contingent liability, would be to wipe out the requirement that, as to third persons, the contract of pledge must be shown by written evidence.

As the intervener was not the owner or pledgee of the movables provisionally seized, it is unnecessary to discuss the questions of law raised by his counsel. The movables were seized within 15 days after their removal from the premises, and were subject to the lessor's privilege, which was not contested by the lessees.

It is therefore ordered that the judgment of the Court of Appeal be affirmed, and that the intervener pay all costs occasioned by this application.