## No. 8871.
### Orleans Appeal.

SALVADOR FALCO v. HENRY L. GILBERT, Appellant.

(March 30, 1925, Opinion and Decree.)

*(Syllabus by the Court.)*

1. Louisiana Digest—Laws—Par. 72.
On a rule for judgment upon the petition and answer under Sec. 1, S. 4 of Act 300 of 1914 no testimony or evidence is admissible.

2. Louisiana Digest—Landlord and Tenant —Par. 84.
The doctrine announced in Standard Brewing Co. vs. Anderson, 121 La. 935, 46 South. 926, obtains only where the tenant is ready and willing to pay his rent promptly and takes advantage of an indulgence of only a few days.

3. Louisiana Digest—Landlord and Tenant —Par. 93.
A lessor may sue for rent whether due or not due, and is entitled to a judgment for the full amount of rent maturing during the suit.

Appeal from Civil District Court, Hon. Percy Saint, Judge.

This is a suit for rent. Judgment for plaintiff. Defendant appealed.

Judgment affirmed.

E. M. Stafford, attorney for plaintiff and appellee.

Fred C. Marx, attorney for defendant and appellant.

CLAIBORNE, J. Plaintiff alleges that he leased to the defendant the property No. 7708 Sycamore Street for the term of twelve months commencing October 1, 1921, and ending September 30, 1922, at the monthly rental of $55 payable monthly, evidenced by promissory notes of the defendant, with the stipulation that should the lessee at any time fail to pay the rent punctually the rent for the unexpired term would at once become exigible; that the six several notes maturing on the last days of October, November, December, 1921, and January, February and March, 1922, with the exception of $5 paid on account of the first note, have not been paid, and by the terms of the lease all the other notes have become due; that there is therefore due plaintiff $655; that he has good reasons to believe that the defendant lessee will remove the furniture out of said premises.

He prayed for provisional seizure and for judgment with lessor's privilege.

The order was granted and the writ was issued.

The suit was filed April 19, 1922.

The defendant admitted all the allegations of the petition, but denied that the six rent notes sued on were past due at the time of the filing of said petition, and denied that the rent notes for the balance of the term of said lease were due at the time of the filing of said petition for the reason that he had rented from the plaintiff for several years, and that he had never paid his rent promptly and that plaintiff made no objection thereto; that plaintiff never notified defendant that he would require the prompt payment of his rent and that several days before the filing of this suit, plaintiff advised defendant that he would wait for a payment on account of said rent, but in violation of said agreement plaintiff filed this suit almost immediately thereafter; that by reason of the extension granted as aforesaid the filing of this suit was premature and that defendant is entitled to have it dismissed on the ground of prematurity.

On June 20, 1922, plaintiff filed a motion in which he alleged that on the face of the answer he was entitled to a judgment against the defendant and summoned him to show cause why judgment should not be rendered as prayed for.

The defendant made no written answer to the rule. It was made absolute and judgment was accordingly rendered in favor of plaintiff and against defendant as prayed for.

The defendant has appealed.

S. Fourth of Section 1 of Act 157 of 1912 reproduced literally in Act 300 of 1914, p. 612, reads as follows:

"At any time after the answer is filed the plaintiff may by rule submit to the Court the question of his right to a judgment upon the petition and answer. For the purpose of the trial of such rule all material allegations of fact contained in the petition and not denied in the answer and all allegations of fact contained in the answer shall be deemed and taken as true. * * * If upon the consideration of the petition and answer as above provided, the Court shall be of the opinion that the plaintiff is entitled to a judgment it shall proceed to render and sign such manner and form and with the same effect as if a trial had been had upon evidence regularly adduced, and such judgment shall constitute for all purpose a definitive judgment."

Counsel for defendant, in his argument, complains that he was not permitted upon the trial of the rule, to introduce evidence in support of his defense.

It is evident that the Act does not contemplate the taking of testimony or the introduction of evidence upon a rule for judgment upon the petition and answer. But what force could testimony or evidence add to the petition and answer, when the statute provides that "for the purpose of the trial" of such rule all material allegations of fact contained in the petition and not denied in the answer, and all allegations of fact contained in the answer shall be deemed and taken as true"?

The only question for solution therefore is, admitting that by testimony and evidence the defendant had established the truth of all the allegations in his answer, would he be entitled to have the suit against him dismissed on the grounds alleged by him?

The first decision upon the point raised by the defendant was rendered by this Court in May, 1906, in Bacas vs. Mandot, 3 Ct. App. 324. In that case the Court said that the lessor was estopped from demanding the dissolution of a lease provided the lessee paid the rent, as had been usual, shortly after its maturity.

In that case the lessee paid the rent for September on October 7th prior to the filing of the suit.

In the case of Bruning vs. Grinage, 4 Ct. App. 429, the defense made in this case was recognized; but the suit and provisional seizure were maintained on the ground that no regular course of dealing between plaintiff and defendant had been shown. The lessee deposited in Court the amount of the rent sued for.

In the case of Roth vs. Fabian, 7 Ct. App. 422, Bacas vs. Mandot was affirmed. "During the course of the litigation each month's rent was deposited in the registry of the Court as it accrued." There was judgment for the rent due, dissolving the provisional seizure. Writ of review refused. See also 8597 and 8615, Ct. App.; Elgutter vs. Mutual Reserve Fund Life Assn., 52 La. Ann. 1740, 28 South. 289; Malochee vs. Great Southern Telephone & Teleg. Co., 49 La. Ann. 1691, 22 South. 922.

The suit of Standard Brewing Co. vs. Anderson, 121 La. 935, 46 South. 926, was by provisional seizure for rent and for dissolution of lease for non-payment of rent on the date it became due. "Defendant at once offered to pay the rent." The Court adopted the opinion of this Court in Bacas vs. Mandot in which the Court said:

"Where a lessor, month after month, has, without objection or protest, accepted the rental a few days after the maturity of the notes, he cannot without previous notice to his tenant, claim a forfeiture of the lease."

The case of Bonnabel vs. Metairie Cypress Co., 129 La. 928, 57 South. 271 was by provisional seizure for all the unpaid rent notes. "On receiving notice of the suit, defendant promptly tendered payment to plaintiff of the three past due notes which plaintiff refused to accept." The Court affirmed Standard Brewing Co. vs. Anderson and said:

"As all the notes are now past due, the judgment must be for the full amount sued for." The money judgment for the rent was affirmed, but the provisional seizure was set aside.

It is evident that the case under consideration is not like the above cases. In those cases the defendants were able and willing to pay their rent, and took only a reasonable delay of a few days in putting off the day of payment, to which the lessor tacitly consented; and when sued for rent the lessees promptly paid or offered to pay.

But this case is entirely different. The defendant did not pay regularly after a few days' delay; he was six months in arrears; and when sued, made no offer to pay. His case is governed by Briede vs. Babst, 131 La. 159, 59 South. 106. In that case the Court said on p. 162:

"It is perfectly evident from the evidence as a whole that plaintiff never expressly or otherwise waived his right to be paid his rent promptly; and that, if prompt payment was not exacted it was because of an un-

willing and forced indulgence on his part. To such a situation the doctrine of the case of Standard Brewing Co. vs. Anderson, 121 La. 935, 46 South. 926, is totally inapplicable. That doctrine can obtain only where the tenant is ready to pay the rent promptly and needs no indulgence, but delays in paying simply because he is under the impression, produced by the lessor's past conduct, that it is a matter of no moment whether the payments be made promptly or a few days late."

"Where suit is brought for rent due and to become due and pending suit the whole amount becomes due, judgment may be rendered for the whole amount." Shreveport vs. Mandel, 128 La. 314, 54 South. 831; Cooley & Phillips vs. P. Esteban, 26 La. Ann. 515.

"As all the notes are now past due, the judgment must be for the full amount sued for." Bonnabel vs. Co., 129 La. 928 (930); Durel vs. Boisblanc, 1 La. Ann. 408; Miss McCalop vs. Fluker's Heirs, 12 La. Ann. 551.

"The plea of prematurity cannot be set up in an answer." Pecquet vs. Pecquet's Executor, 17 La. Ann. 232.

But under Article C. P. 287, a lessor may "sue for rent, whether the same be due or not due * * * provided that in case the rent be paid when it falls due, the costs of the seizure shall be paid by the lessor, unless, etc." Wilcoxen vs. Bowles, 1 La. Ann. 230; Robinson vs. Staples, 5 La. Ann. 712; Thomas vs. Dundas, 31 La. Ann. 184, 186; Dillon vs. Porier, 34 La. Ann. 1100, 1102

It was therefore immaterial whether the plaintiff had granted the defendant time to pay the rent. Defendant's only right was to pay the rent when due and thus to save the costs of suit. It is not pretended that the rent is not now due.