No. 2369
Second Circuit Appeal

---

J. W. ALLEN v. H. L. BOYETT, ET AL.

---

(June 23, 1925, Opinion and Decree)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Landlord and Tenant—Par. 107, 111.**
Where lessor's lien and privilege were on furniture and fixtures which the lessor had when the trustee in bankruptcy for the lessee discharged the lessor without including the furniture and fixtures in the bankruptcy proceeding, the lessor still has his lessor's privilege on the furniture and fixtures on his premises.

2. **Louisiana Digest—Landlord and Tenant—Par. 42.**
Act 128 of 1894, is not a prescriptive act and has nothing to do with the limitation of suits as to within what time they shall be brought. Its only effect is to limit leases of longer duration than one year to twelve months in the event of the death or insolvency of the lessee.

3. **Louisiana Digest—Estoppel—Par. 26.**
The fact that the plaintiff received a dividend out of the proceeds of defendant's property on which he had no privilege, cannot estop him from still asserting his lessor's privilege on the furniture and fixtures.

Appeal from the Eighth Judicial District, Parish of Winn, Hon. F. E. Jones, Judge.

This is a suit for which the plaintiff seeks to obtain a judgment recognizing his lessor's lien and privilege on furniture and fixtures situated in his store building. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Pearce & Fuller, of Winnfield, attorneys for plaintiff, appellee.

Moss and Peters, of Winnfield, attorneys for defendants, appellants.

REYNOLDS, J. In this case plaintiff J. W. Allen, seeks to obtain judgment recognizing his lessor's lien and privilege on certain furniture and fixtures situated in his store building which was leased to H. L. Boyett for the years 1922 and 1923 at $100 per month.

Mr. Lee J. Grigsby, who claims the furniture and fixtures, is made a co-defendant.

It is not denied that Mr. Boyett leased the building from Mr. Allen for the years 1922 and 1923 and that the merchandise of Mr. Boyett remained in the building of Mr. Allen under lease until the same were sold at bankruptcy sale on December 28, 1923.

Mr. Boyett made a surrender in bankruptcy in October, 1923, and the rent for the months of October, November and December, 1923, was not paid, except $48.38 paid by order of the trustee in the bankruptcy proceedings.

Mr. Boyett was duly discharged from his debts by order of the court in bankruptcy, but the furniture and fixtures in question were not sold by the trustee in bankruptcy because of claims of privilege thereon made by Mr. Allen for rent and by the First National Bank of Winnfield under a chattel mortgage.

Defendant Grigsby claims to have bought the furniture and fixtures from the First National Bank of Winnfield.

On these issues the case was tried and there was judgment in favor of plaintiff and defendants appealed.

## OPINION

On the issues presented in this case the only question is whether or not the plaintiff, J. W. Allen, still has a lessor's privilege on the furniture and fixtures in controversy.

It is not denied that Mr. Allen has a rent claim against the furniture and fixtures for $300 for the lease of the store building for October, November and December, 1923, at $100 per month, and that only $48.38 of that amount has been paid.

Defendant insists that Mr. Boyett's discharge in bankruptcy discharged him from the debt for rent and that for that reason there is no longer any debt and that the privilege securing its payment was extinguished with the debt.

We cannot concur in this conclusion, for the reason that Boyett's discharge was personal to him.

The furniture and fixtures were not sold by the trustee in bankruptcy and plaintiff is only asking for a judgment in rem against these furniture and fixtures.

Defendant further insists with great earnestness that plaintiff's claim for a privilege is prescribed by Act 128 of 1894, which reads as follows:

"The lessor's privilege and right of pledge shall not extend in case of failure of lessee in such a way as to secure rent for a term of more than one year after such failure."

Our learned brother of the District Court held in an able written opinion that this act is not a prescriptive act and has nothing to do with the limitation of suits

as to within what time they shall be brought, and that its only effect is to limit leases of longer duration than one year to twelve months in the event of the death or insolvency of the lessee.

We concur in this holding.

Defendant also insists that plaintiff is estopped by reason of having participated in the proceeds of the sale of his property in bankruptcy and sharing in the dividends paid out of the same by the trustee in bankruptcy.

This was in no way prejudicial to defendant and the amount paid to plaintiff was out of the sale of other property of defendant sold by the trustee in bankruptcy and which property was not subject to plaintiff's lessor's privilege.

The fact that plaintiff received a dividend out of the proceeds of defendant's property on which he had no privilege cannot, we think, estop him from still asserting his lessor's privilege on the furniture and fixtures. He was not required to abandon his claim to a privilege on the furniture and fixtures as a condition of sharing in the proceeds of the sale of property on which he had no privilege and did not claim one.

Millot vs. Conrad, 112 La. 928, 36 South. 807.

"In a nut shell." Plaintiff had a lessor's privilege on the furniture and fixtures when the trustee in bankruptcy failed to sell them. He must continue to have this privilege until it is discharged in some way recognized by law.

Defendant insists that the First National Bank of Winnfield had a chattel mortgage on the furniture and fixtures at the time the trustee in bankruptcy refused to sell the same, but that question is not involved in this case. "Sufficient unto the day is the evil thereof." No decision that we might render in this case could bind the First National Bank of Winnfield, for it is not a party to this suit.

Mr. Grigsby claims to have bought the furniture and fixtures from the First National Bank; but admittedly the bank did not own them and its only claim was that it had a chattel mortgage on them—concerning which we express no opinion, for the reason that the bank is not a party to this suit, and we are without authority to pass upon its claims in this suit.

For these reasons the judgment of the lower court is affirmed.