No. 2737

Second Circuit

---

ALLEN v. BOYETT; FIRST NATIONAL BANK OF WINNFIELD, Intervenor

---

(Jan. 28, 1927. Opinion and Decree.)

---

(*Syllabus by the Court.*)

(On Intervention First National Bank of Winnfield.)

1. **Louisiana Digest—Estoppel—Par. 1, 3.**

Parties are not bound by judicial allegations of fact which terminate unsuccessfully.
Appalachian Corp. Inc., vs. Brooklyn Cooperage Co., Inc., 151 La. 41, 91 South. 539.
Chaffe vs. Morgan, 30 La. Ann. 1307.

Appeal from the Eighth Judicial Court of Louisiana, Parish of Winn. Hon. F. E. Jones, Judge.

Action by J. W. Allen against H. L. Boyett.

There was judgment for intervenor and plaintiff, defendant in intervention, appealed.

Judgment affirmed.

Harry Fuller, of Winnfield, attorney for plaintiff, appellant.

Moss & Peters, of Winnfield, attorneys for intervenor, appellee.

STATEMENT OF THE CASE.

REYNOLDS, J.    Plaintiff, J. W. Allen, brought suit in the District Court of Winn parish, Louisiana, against defendant, H. L. Boyett, and against the Grigsby Grocery Company, a partnership composed of the defendant, H. L. Boyett, and one Lee J. Grigsby, to obtain a judgment in rem for $251.62 with legal interest thereon from December 31, 1923, until paid, with recognition of a lessor's lien and privilege therefor on certain furniture and fixtures situated in a building belonging to him in the town of Winnfield, Louisiana.

He alleged that by act dated December 31, 1924, recorded in Book "DD", at page 535, of the conveyance records of the parish of Winn, he leased the premises referred to to the defendant H. L. Boyett for the years 1922 and 1923 for the price of $100.00 per month; that the lease period had expired by limitation and that there was owing and due to him by the defendant H. L. Boyett for rent of the leased premises, a balance of $251.62.

He further alleged that defendant, H. L. Boyett, had been adjudged a bankrupt and had surrendered all of his property, including the furniture and fixtures in question, to a trustee in bankruptcy, but that the trustee in bankruptcy had abandoned title to and possession of them because they were burdened with privileges and mortgages exceeding their value.

He further alleged that the furniture and fixtures were in the possession of the

Grigsby Grocery Company and in the premises that were subject to the lease and that under some groundless claim of the nature of which he was not acquainted the Grigsby Grocery Company was asserting title to or right to the possession of the furniture and fixtures and that therefore they should be made parties to the suit.

He prayed for service and citation of the defendants, H. L. Boyett and Grigsby Grocery Company, and for judgment in rem, only recognizing his lessor's privilege on the furniture and fixtures for said sum of $251.62 with legal interest thereon from December 31, 1923, until paid, and ordering the furniture and fixtures seized and sold according to law and that he be paid the said sum and interest and costs of suit out of the proceeds of sale in preference to all other persons.

Both H. L. Boyett and Lee J. Grigsby answered, and after trial, judgment was rendered in favor of plaintiff, J. W. Allen, as prayed for. Both defendants appealed.

This court affirmed the judgment of the District Court. J. W. Allen vs. H. L. Boyett, 2 La. App. 643.

Under this judgment the furniture and fixtures were seized and sold according to law, but before distribution of the proceeds the First National Bank of Winnfield filed an intervention and third opposition.

It alleges that, by act before John L. Calhoun, Notary Public, on February 18, 1921, filed for record at 5:00 o'clock p. m., on the same day and duly recorded on February 19, 1921, in Book "A" of Chattel Mortgages, at page 119 of the records of Winn parish, Louisiana, the defendant, H. L. Boyett, had mortgaged to it the furniture and fixtures in question to secure the payment in principal, interest and attorney's fees, of a certain promissory note, owned and held by it, for the sum of $3200.00, signed by H. L. Boyett, dated February 18, 1921, drawn payable to the order of The First National Bank of Winnfield, bearing interest at the rate of 8 per cent per annum from its date until paid and stipulating payment of 10 per cent attorney's fees in case of suit for collection, and paraphed "Ne Varietur" by said notary to identify it with said act of mortgage. That said note was past due and unpaid and that intervenor was entitled to be paid the amount owing thereon in principal and interest and also 10 per cent on the amount of principal and interest, as attorney's fes, out of the proceeds of the sale of the furniture and fixtures, in preference to and by priority over all other persons.

It prayed for service on plaintiff and defendants in the main suit and for judgment recognizing its mortgage as a lien on the furniture and fixtures prior in rank to plaintiff's lessor's privilege and ordering that it be paid the amount owing to it in principal and interest and attorney's fees on the said promissory note and the costs of suit out of the proceeds of the sale of the furniture and fixtures by preference and priority over all other persons whomsoever.

The plaintiff, J. W. Allen, answered the intervention, denying that as a matter of law intervenor's mortgage was superior in rank to his lessor's privilege.

He further alleged—

"* * * that by reason of the fact that the property described in said act (of mortgage) was acquired by the aforesaid bank (intervenor) during the time in which said bank held the above described mortgage note of $3200.00, the mortgage was extinguished by confusion".

On these issues the case was tried and judgment was rendered in favor of the intervenor and against plaintiff; that intervenor's mortgage primed in rank plaintiff's lessor's privilege and ordering the proceeds of sale of the furniture and fixtures, amounting to $400.00, less the sum of $25.00 and less, also, the costs of suit on the intervention, to be paid to intervenor by preference over plaintiff.

From this judgment the plaintiff, J. W. Allen, appealed.

### OPINION.

Plaintiff, H. L. Boyett, testified:

"Q. Where were the fixtures that are described in this chattel mortgage here, situated at the time you executed this chattel mortgage?

"A. Where they are now.

"Q. On the same premises?

"A. Yes, sir; J. W. Allen building; they are now in the same building.

"Q. You were leasing that building at that time, before this mortgage was given?

"A. Yes, sir.

\* \* \*

"Q. Mr. Allen and you entered into a lease when you first went into the building?

"A. Yes, sir.

"Q. And that lease was put on record?

"A. Yes, sir.

"Q. And you were still in the building as a renter when the second lease was executed?

"A. Yes, sir.

\* \* \*

"Q. I will ask you whether or not this first contract was paid up and satisfied when this second lease contract was entered into on December 31st, 1921?

"A. Well, I paid my rent when it was due on the last day of December, 1921.

\* \* \*

"Q. When you entered into the new lease in 1921, did you owe any rent?

"A. No, sir."

The lease referred to as the "old lease" is declared to have been filed in evidence but we do not find it in the record, nor does the evidence show what its terms were and therefore we must presume that it was one by the month. It ceased to exist at midnight on the last day of 1921, and the new lease took effect with the beginning of the year 1922.

Under this condition of facts intervenor's mortgage on the furniture and fixtures, became, between the ending of the old and the taking effect of the new lease, superior in rank to plaintiff's lessor's privilege thereon.

Barnhardt vs. Sandel, 3 La. App. 139.

See also:

Comegys vs. Shreveport Kandy Kitchen, 163 La. ___, 110 South. 104.

Counsel for plaintiff does not seriously contend otherwise, for, in an able and well written brief, he says:

"Since the court has recently held that a chattel mortgage given on property situated in leased premises, but executed prior to a renewal or subsequent lease, primes the lessor's claim for rent accruing after the execution of said new lease, we will therefore dispense with discussion of this point. While not abandoning the contention, yet we see no good to be obtained by taking up the time of your Honors on a proposition already passed upon by you."

And he adds—

"The only point to be considered is whether the mortgage executed by Boyett in favor of the bank has been extinguished by confusion?"

He quotes Article 3411 of the Civil Code, providing that:

"Mortgages are extinguished by the creditor acquiring the ownership of the thing mortgaged."

And he argues that the record in the suit as between J. W. Allen as plaintiff,

and H. L. Boyett and the Grigsby Grocery Company as defendants, filed in evidence by plaintiff in support of his defense to the intervention, shows that it was alleged and testified to that the furniture and fixtures had been sold by intervenor to Lee J. Grigsby.

The defenses there set up by those defendants, failed, and the court rendered judgment against them and in favor of plaintiff, J. W. Allen, ordering the furniture and fixtures sold as the property of the defendant, H. L. Boyett, for the satisfaction of the balance owing by the latter to the former for rent.

The question as to whether a mortgage could be lost by confusion under such circumstances is well settled in the negative.

The Supreme Court of Louisiana has said:

"Peremption of a mortgage cannot take place pending the possession of the mortgaged property by the mortgage creditor, who holds under a voidable tax sale; and should such sale be annulled, the mortgage will revive with the rank it held at the date of the sale."

N. O. Ins. Assn. vs. Labranche, 31 La. Ann. 839.

"The title by which the holder of a mortgage note sought to acquire the mortgaged property, being annulled, confusion and extinguishment cease, and the mortgage still exists."

Spencer vs. Goodman & Bradfield, 33 La. Ann. 898.

"The eviction of a purchaser under a voidable tax sale, who, at the time of the purchase, held a mortgage on the property, renews the mortgage and relieves it from all effects of the extinguishment resulting from the mortgage creditor's having acquired the ownership of the thing mortgaged."

Dawson vs. Thorpe, 39 La. Ann. 366, 1 South. 686.

"Whilst one cannot be, at the same time, owner and mortgagee of the same property, if the title which, apparently conveying perfect ownership, is supposed to destroy the mortgage, by confusion, turns out to be no title, or an imperfect title, the mortgage which was suspended and thus apparently destroyed upon the assumption of perfect ownership, revives; the cause of its suspension and supposed destruction no longer existing. 'The effect cannot have a longer duration than the cause'."

Pugh vs. Sample, 123 La. 791, 49 South. 526.

"Parties are not bound by judicial allegations of fact which terminate unsuccessfully."

Appalachian Corp. Inc., vs. Brooklyn Cooperage Co., Inc., 151 La. 41, 91 South. 539.

"Allegations of law unsuccessfully made in a former suit do not estop."

Farley vs. Frost-Johnson Lumber Co., 133 La. 497, 63 South. 122.

Tircuit vs. Burton-Swartz Cypress Co., 162 La. ___, 110 South 489.

Under these authorities we are of opinion that intervenor's mortgage on the furniture and fixtures is still in full force and effect.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.