PATTERSON & CO., LTD., v. JOHN BONURA & CO., INC.

———

(April 9, 1928. Opinion and Decree.)
(May 20, 1928. Rehearing Refused.)

———

(*Syllabus by the Court*)

1. Louisiana Digest—Obligations—Par. 87; Sales—Par. 42.

A contract of sale may be qualified by subsequent conduct of the parties in relation thereto.

2. Louisiana Digest—Obligations—Par. 87, 162; Sales—Par. 122.

The obligation to ship from Jamaica to New Orleans five hundred bags of cocoanuts "about October" is complied with by shipping a part of them November 2nd, and the remainder November 10th, when the vendee is notified on October 23rd verbally, and October 31st in writing that the vendor intends to ship in this way, and makes no objection until November 10th, the day on which the final installment leaves Jamaica, the vendor and vendee both residing in the City of New Orleans.

Appeal from Civil District Court. Hon. William H. Byrnes, Jr., Judge.

Action by Patterson & Co., Ltd., against John Bonura & Co., Inc.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Frank N. Butler & S. Parkerson, of New Orleans, attorneys for plaintiff, appellee.

Chas. Rosen, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. Plaintiff sold, and defendant bought, 500 bags of 100 nuts each of Jamaica selected cocoanuts at $4.00 per bag. The contract, which was in writing was entered into October 13, 1922, and the cocoanuts under its terms were "to be shipped from Jamaica about October," meaning, as all are agreed, about October, 1922.

Some difficulty was experienced in getting the size nuts ordered, and in consequence shipment was not made until November 2nd when 300 bags left Jamaica, and November 10th when the remaining 200 bags left Jamaica. The nuts were rejected upon arrival and plaintiff sues for the difference between the selling price and the market price at the time of defendant's alleged default.

Defendant justifies its action in refusing to accept the cocoanuts upon the ground that they were shipped too late and upon the further ground that they were of bad quality and unmarketable. The latter defense appears to have been an afterthought. It may be said to have been waived. Smith vs. Petta, 70 N. Y. 13; Littlejohn vs. Shaw, 159 N. Y. 188; DeHoff vs. Aspegren, 161 N. Y. Supplement 53. In any event it is not established. Twelve of the five hundred bags of nuts were examined by defendant and from fifteen to twenty per cent claimed to be bad. On November 23rd, several days after the examination defendant wrote to plaintiff rejecting the shipment upon the ground that it came too late and though this letter was written after a conference with its attorney, as it states, no mention was made of the alleged defective nuts. Defendant, evidently thought little of this defense then and we think less of it now.

As has been said the nuts were contracted for shipment "about October." They were shipped in two installments, November 2nd and November 10th. There is much discussion of the meaning of the word "about." It is said that time was of the essence of the contract and "about October" meant "during October" and it is further suggested that "the best proof that time was of the essence in the case at bar, is the undisputed fact that the market dropped abruptly after November 11, 1922, from $4.50 to $3.40 per bag. This shows the absolute necessity for the cocoanuts to have been shipped during October, as then they would have reached New Orleans before November 11th." On the other hand, it is argued that the decline in the market was the real reason for rejecting the shipment and not the lateness of shipment. It is unnecessary to consider the phrase "about October," or to interpret its meaning, because the case turns upon another point. Whatever may have been meant originally by the phrase in question, its meaning was interpreted or modified, as the case may be by the subsequent conduct of the parties, R. C. C. 1956; Wilcoxen vs. Bowles, 1 La. Ann. 230; Brunning vs. Grinnage, 4 Orl. App. 429; Jacobsen vs. Mermillon, 12 Orl. App. 72; Metcalf vs. Green, 140 La. 950, 74 So. 261.

Mr. Patterson, who handled the transaction for plaintiff, testified that he notified Mr. Bonura, of defendant corporation, on or about October 23rd that the nuts could not be shipped from Jamaica during October but "half October and half November" and that Bonura assented thereto. This testimony is without contradiction or denial, though Bonura testified as a witness in the case. Following this conversation, plaintiff on October 31st wrote defendant as follows:

"Referring to your cocoanut order with us at $4.00 per 100 nuts, on which you

expressed your willingness to accept 126 to 130 lb. nuts, if at $3.50, we have just received a cable from our suppliers, stating that they have been able to obtain nuts according to the original contract weight, and are shipping 300 bags this week, and the balance next week at the original contract price of $4.00 which will, no doubt, be good news to you.

"We are very glad that we can arrange the matter to your satisfaction."

No answer, whatever, was made to this letter, and no communication was had between the parties until November 9th, though their offices were within several blocks of each other and, of course, equipped with telephone. Under date of November 9th, plaintiff wrote defendant advising that part of the shipment had left Jamaica and the remainder would follow about the 10th. This letter was received by defendant the day after it was written, or November 10th, and, on the same day, it wrote defendant rejecting the shipment, saying, "We certainly cannot accept November shipment for October shipment in the first place, and, in the second place, there is a vast difference between the price of October cocoanuts and November cocoanuts." This rejection was not final, however, and a conference was subsequently held at defendant's request in its office. At this conference defendant's representative displayed defendant's copy of the contract (the contract was in duplicate) with a line drawn through the word "about". This line was subsequently erased and the contract when introduced in evidence read as originally written though the marks of alteration are apparent.

It is fair to say that the individual responsible for the alteration of the contract is no longer in defendant's employ, but, it is inevitable that this incident should impress us unfavorably.

The efforts to adjust matters failed and the nuts were finally rejected November 23, 1922. The market price of cocoanuts on that day was $2.60 per bag.

It is contended that November 10th when the market price was $3.60 per bag and not November 23rd when $2.60 per bag is the day of defendant's default, if it is held to responsibility. We believe the latter date is the proper one because it was only on that day that final rejection of the shipment was made by defendant.

The trial judge in awarding plaintiff judgment as prayed for was of the same opinion.

For the reasons assigned the judgment appealed from is affirmed.